| 51 | 429 |
| 75 | 613 |

## W. C. WHITMAN v. P. J. WILLIS & BRO.*

1. INJUNCTION.—One who, by purchase, has acquired title from a judgment debtor before any lien had attached by virtue of the judgment, is not entitled to an injunction to prevent the sale of the land under execution issued on such a judgment, when the sale cannot operate to dispossess the plaintiff, deprive him of the enjoyment of his property, defeat his title thereto, or embarrass him in the prosecution of legal remedies for injury to title or possession.
2. INJUNCTION—EXECUTION SALE.—An execution sale under such circumstances could work no irreparable injury to the real owner, while to permit the sale to be prevented by injunction, on a claim of superior title in a third party, would open the door for fraudulent transfers, to embarrass by litigation and delay the collection of debts.
3. FACT CASES.—See statement of case for facts held not sufficient to authorize an injunction.

APPEAL from Washington. Tried below before the Hon. E. B. Turner

---

* The syllabus in this case is based upon a consideration of the opinion in this cause, as well as the preceding case between the same parties. The facts set up in the former case as ground for intervention, and those relied on in this case, are substantially the same. The circumstances under which an injunction will be refused are stated in the former opinion, in discussing the doctrine of intervention. The issue on the right to injunction being directly involved here, the doctrine is here inserted in the syllabus.

Suit began April 25, 1876, by the appellant, W. C. Whitman, against the appellees, P. J. Willis & Bro. and Lyd Smith, sheriff, to enjoin and restrain the sale under *venditioni exponas* of a tract of two hundred and eighty-two acres of land in Washington county, alleged to be the homestead of the plaintiff.

The petition alleged, in substance, that on the 28th of May, 1875, said P. J. Willis & Bro. instituted a suit in the District Court of said county against James W. Whitman (citing him by publication) on a debt claimed to be due them by him, and at the same time sued out a writ of attachment against J. W. Whitman, which they caused to be levied by the sheriff on a tract of land claimed as a homestead by him, belonging to plaintiff, said tract being described in the petition; that prior to the levy, at the date of the same, and ever since the levy of the writ of attachment, the plaintiff was the *bonafide* owner of the tract of land in his own right, and that at the date of levy and for a long time prior thereto the plaintiff was, with his family, (he being a married man,) living on said tract of land as his homestead; that said levy was made in violation of plaintiff's rights and without his knowledge or consent; that afterwards, February 16, 1876, before the trial of the cause, the plaintiff had filed his petition of intervention in said suit, wherein he had alleged his ownership of the land at the date of the levy; that he had purchased and paid for said tract of land in good faith long prior to the levy, had been in possession thereof ever since, and had prayed the court to be allowed to establish his title to said land and to prevent said Willis & Bro. from foreclosing the attachment lien thereon, which he had alleged would cast a cloud over his title; that he was then and there ready with his evidence to prove and establish his title to the tract of land; that his petition of intervention was afterwards, on the 26th of February, 1876, dismissed by the court, and final judgment was then rendered against J. W. Whitman and foreclosing the attachment lien on the tract of land; that plaintiff had

excepted to the ruling of the court dismissing his petition of intervention, had given notice of appeal to the Supreme Court, and had given an appeal bond and perfected his appeal according to law; that Willis & Bro. had caused an order of sale to be issued on the judgment requiring the land to be sold as under execution, in satisfaction of the judgment against J. W. Whitman, amounting to about $1,300; that L. Smith, as sheriff, had advertised the land for sale on the first Tuesday in May, 1876, and unless enjoined would sell the same; that such a sale would cast a cloud upon the title of plaintiff to his said tract of land and probably involve him in further litigation; that the said acts and doings of said defendants had already damaged plaintiff $500 actual damages, besides $300 attorney's fees, and that he would be further damaged to the amount of $200 if the sale of said land by said sheriff should be made.

He prayed for a writ of injunction restraining the defendants from selling said land and for judgment for his damages, costs, &c. The injunction was granted April 15, 1876. Injunction bond filed April 25, 1876, and defendants accepted service the same day.

At the next term of the court the defendants moved to dissolve the injunction and dismiss the petition, because, first, the petition showed no cause of action; second, for want of equity in the petition; third, because plaintiff has an adequate remedy at law for his damages. August 7, 1876, this motion was sustained, the injunction dissolved, cause dismissed, and judgment rendered against the plaintiff for costs; to which plaintiff excepted and gave notice of appeal.

*Breedlove & Ewing*, for appellant, cited, in support of appellant's right to the injunction, Kelley *v.* Whitmore, 41 Tex., 647; Williams *v.* Pouns, 48 Tex., 141; Clegg *v.* Varnell, 18 Tex., 294; Baxter *v.* Dear, 24 Tex., 17; Thompson on Homestead and Exemptions, 681; Vogler *v.* Montgomery, 54 Mo., 577; Tucker *v.* Kenniston, 47 N. H., 267.

*Shepard & Garrett,* for appellees, cited Carlin *v.* Hudson, 12 Tex.; 203; Morrill *v.* Henderson, 12 Tex., 1; Drake *v.* Jones, 27 Mo., 428; Burns *v.* Ledbetter, 42 Tex., 508; Ridley *v.* Henderson, 43 Tex., 135.

BONNER, ASSOCIATE JUSTICE.—This case is an outgrowth from that of Whitman *v.* Willis, decided at the present term. After the demurrer had been sustained to his petition for intervention in that case, appellant Whitman brought this suit for injunction, alleging the same reasons, substantially, to restrain the sale of the land under the attachment proceedings which he had previously urged for the intervention.

On the trial below the injunction was dissolved and his petition dismissed, from which judgment this appeal was taken.

The appellant has evinced much zeal in the effort to protect his title to the land levied upon; but under the decision of this court in Carlin *v.* Hudson, 12 Tex., 202, and the above case of Whitman *v.* Willis, *ante,* 429, he has not shown such an infringement of his legal right as would authorize the interposition of a court of equity by the extraordinary remedy of injunction; and under the authority of these cases, there was no error in the judgment of the court below, and the same is affirmed.

AFFIRMED.