Opinion delivered June 14, 1887.

---

## No. 5853.

### John D. Rains *v.* L. I. Herring and J. A. Herring.

1. PRACTICE—PARTIES—CONTINUANCE.—In a suit for damages against a sheriff, for an act done in his official capacity, for which act he took for his own security a bond to indemnify him against damages, executed by those interested in the performance of the official act, he is entitled as a matter of right to have the cause continued for a term, to make those who contracted to indemnify him, parties.

2. SAME.—The fact that such an indemnifying bond was executed, must be satisfactorily shown to the court before the continuance to make parties can be granted as a matter of right. It will, on appeal, be presumed—from an order entered by the district judge granting the sheriff leave to make the persons parties defendant who were sureties on the indemnifying bond—that the district judge had become satisfied that such persons had executed the bond; and it was error to refuse a continuance to a subsequent day of the term, to have citation on such sureties, when applied for by the sheriff.

3. CONSTRUCTION OF STATUTES.—Whether the word "*may*," when used in a statute, is permissive or obligatory, depends in a great measure upon the true intent and object of the Legislature in making the enactment. It means "must," whenever third persons or the public have an interest in having the act done, or have a claim de jure that the power shall be exercised.

4. STATEMENT OF FACTS—PRACTICE.—In the absence of a statement of facts, exceptions to the admission or exclusion of testimony will not be considered. ·

5. PLEADING.—In a suit involving the ownership of property, its ownership may be alleged in general terms. The facts which constitute a cause of action are matters of evidence, not of pleading.

6. DAMAGES.—In a suit by husband and wife to recover damages for the wrongful seizure under attachment of a stock of goods claimed by them, the wife can not recover damages for loss caused to her husband by reason of his having been thrown out of employment as a clerk in consequence of the levy of the attachment.

APPEAL from Jack. Tried below before the Hon. B. F. Williams.

*T. D. Sporer, Robinson & West, W. E. Taylor, W. S. Billups* and *C. Edmundson* for appellants: On their proposition that the petition was defective in not setting forth facts in support of the allegation that the goods seized were the separate property of Mrs. L. I. Herring, they cited Revised Statutes, article 2851; Sayles's Texas Pleading (1872), section 7; 1 Texas, 153. That the court erred in refusing the continuance, they cited General Laws Nineteenth Legislature, page 90.

*E. P. Nicholson, Stark & Stark,* and *E. W. Nicholson,* for appellees: On their proposition that a general allegation of ownership of the property attached was sufficient, they cited Revised Statutes. article 1204; Craddock v. Goodwin, 54 Texas, 578; Williams v. Turner, 50 Texas, 137; Ratto v. Holland, 2 Texas Court of Appeals, Civil Cases, section 469.

That the continuance was properly refused, they cited Revised Statutes, article 1209.

WILLIE, CHIEF JUSTICE. This suit was brought by Mrs. L. I. Herring, joined by her husband, T. A. Herring, to recover of John D. Rains, sheriff of Jack county, and the sureties on his official bond, damages for an alleged illegal seizure by Rains of a stock of goods claimed to be the separate property of Mrs.

Herring. The suit was filed on the twenty-first of December, 1885; on the fifteenth and twentieth of January, 1886, the defendants pleaded to the suit, and on the twenty-first of the same month filed an amended answer to those pleadings, which answer, among other things, justified the seizure of the goods under a suit of attachment issued against the property of I. S. Knight, at the suit of one J. P. Bessett. The answer alleged that, as to this attachment, the goods were the property of Knight, and not of Mrs. Herring.

This answer included some special exceptions to the pleadings of the plaintiff, which will be considered in the course of the opinion.

On the fifteenth of January, 1886, the appellant Rains obtained leave of the court to make Bessett and certain other named persons parties defendant to the cause. On the eighteenth of January he filed a written pleading setting forth that these parties had executed to him a bond indemnifying him against damages for the acts upon which this suit was based, and made the original bond an exhibit thereto; he prayed that they be cited to answer the petition, and if plaintiffs should recover a judgment against him and his sureties, that they have judgment over against the signers of the indemnity bond.

It appears from a bill of exceptions found in the record, that the defendants moved to continue the cause for several reasons, among others, because the court had allowed them to make Rains's indemnitors parties defendant to the suit, and that the effect of the order was to continue the case to have those parties cited to answer, and that this motion was overruled. This action of the court is assigned as error. By an act of the legislature, approved March 31, 1885, the privilege was given to a sheriff, sued for damages in such an action as this, to make the parties principal and surety upon any bond he had taken, indemnifying him against such damages, parties defendant to the suit; and it was further provided that the cause might be continued for the purpose of obtaining service upon such parties.

This statute not only recognizes in the sheriff the right to have the persons executing the bond made parties to the suit, but also to have the same continued for at least one term for the purpose of bringing them into court. It intended to allow him to have his judgment over against the signers of the bond at the same time that judgment should be rendered against himself. It was doubtless considered better that the plaintiff should

be somewhat delayed in getting judgment against the officer, than that the officer should be first forced to pay the damages, and then resort to a second suit to reimburse himself out of those through whose direction the damages had been brought about, and who had contracted to be responsible for them. To entitle the officer to the benefit of the statute, he must of course bring himself clearly within its premises; he must be sued for damages for an act done in his official capacity, and he must have taken an indemnifying bond for the acts upon which the suit for damages is based. These facts must be brought to the knowledge of the court before the continuance can be granted. The pleadings of the parties sufficiently informed the court that the suit was of the character contemplated by the statute; the only question then is: was it satisfactorily shown that the sheriff had taken an indemnifying bond of such a kind as to entitle him to have the principal and sureties signing it, brought into court?

The motion for continuance states that the court had allowed the sheriff to make, as new parties defendant in the cause, the obligors upon the indemnity bond, and that this bond was given to the sheriff to indemnify him for serving the writ of attachment mentioned in the plaintiff's petition. This statement is not verified by affidavit; and if there was nothing else in the record to show that it was established to the satisfaction of the court, the refusal to grant the continuance might well be sustained. But it does appear, that on a previous day of the term, the court entered an order granting the sheriff leave to make the persons who were sureties upon the bond parties defendant to the cause.

Where the contrary does not affirmatively appear from the record, it must always be presumed that an order entered by the district judge is based upon a proper and sufficient showing; and hence, we must in this instance presume that this order was entered upon satisfactory proof that the parties to be summoned were signers of a bond indemnifying the sheriff against damages for the very acts laid to his charge in the petition filed in the cause. It was the duty of the judge to grant the order only in the event that proof of this character was made, and we must conclude that he performed his duty in this respect.

The statute does not prescribe the practice to be pursued in applying for the continuance. The better practice, however, would seem to be to support the claim to a continuance by an

affidavit of such facts necessary to obtain it under the statutes as do not conclusively appear from the record. An affidavit to an application for an order to make the parties, or to the pleading upon which judgment is sought against the indemnitors, which set forth the statutory facts entitling the officer to have the parties brought into court, or to the motion for a continuance which contained the same facts, would doubtless be sufficient. But, in this instance, we think the court should have granted the continuance in the state of case made by the record, and that it was error to refuse it.

The appellees contend that by the use of the word "may," the statute intended to leave it within the arbitrary discretion of the court to grant the continuance or not, though the applicant brought himself within the terms of the law. Whether the word *may* in a statute is permission or obligatory depends in a great measure upon the true intent and object of the legislature in making the enactment. (Sedgwick on Constitutional and Statute Law, 439.) It means *must* whenever third persons or the public have an interest in having the act done, or have a claim de jure that the power shall be exercised. (Turnpike Company v. Miller, 5 Johns's Chancery, 113; Malcom v. Rogers, 5 Cowen, 188.) The present is an instance of that character. The statute intended to confer a substantial benefit upon the class of officers named in it. This intention might be wholly prevented, and the legislation prove useless, if the provisions could be defeated at the will of the district judge. As we read the statute, the officer may have his cause continued if he desires to bring in the signers of the indemnity bond, and the court can not refuse his application if he brings himself within the terms of the law.

Some exceptions were made to certain rulings of the court below admitting testimony over the objections of the appellants; but as there is no statement of facts we can not tell whether these rulings were prejudicial to the appellants or not, and hence they will not be reviewed.

But two of the many exceptions taken to the appellees's petition are relied on in this court, and they are submitted on a single proposition, which is to the effect that the petition should have set out the facts upon which Mrs. Herring claimed the attached goods to be her separate property. But this was unnecessary. The facts which constituted her, owner of the property were matters of evidence and not of pleading, and a party

is not required to set forth the evidence upon which he relies to prove a cause of action or a matter of defense.

It may be proper to say, though the point is not insisted on in this appeal, that Mrs. Herring is not entitled to recover damages for loss caused to her husband by reason of his having been thrown out of his business as a clerk in consequence of the seizure of the goods under attachment.

For the error pointed out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*