### J. M. DORROH v. D. B. BAILEY ET AL.

Decided February 17, 1910.

**Intervention—Interest in Attached Property.**

In an action for a debt a third party has no right to intervene because he was a mortgagee or owner of property attached by plaintiff as defendant's. He had a remedy by claimant's bond. To entitle him to intervene he must have an interest in the subject matter of the litigation between plaintiff and defendant; this, such intervener did not have. Fleming v. Seeligson, 57 Texas, 531, and Johnson v. Luling Mfg. Co., 24 S. W., 996, distinguished.

Appeal from the County Court of Upshur County. Tried below before Hon. Albert Maberry.

*Warren & Briggs,* for appellant.

*Mell & Stephens,* for appellee.

WILLSON, CHIEF JUSTICE.—By his suit Dorroh, the plaintiff below, sought to recover sums aggregating $540.38, alleged to be due to him from Bailey on promissory notes made by the latter. After he had instituted his suit Dorroh procured the issuance of a writ of attachment, which, it appears from the officer's return made thereupon, was levied upon two bales of lint cotton weighing respectively 500 and 520 pounds, cotton "in the field" estimated to be a quantity sufficient to make one light bale, a bay mare valued at $50, a wagon valued at $50, found in Bailey's possession, and two bales of lint cotton marked "No. 511" and "No. 512" found in the possession of one Mings. In his answer Bailey alleged that the "cotton in the field," levied upon by virtue of the writ, was ungathered at the time it was levied upon, and was exempt to him because 'it had been grown upon and was then upon land constituting a part of his homestead; and he further alleged that the wagon levied upon was exempt to him because he was the head of a family and owned no other wagon. Appellee W. H. Hamlett sought to intervene in the suit, and in his petition

alleged, as grounds entitling him to intervene, that Bailey was indebted to him in sums aggregating $258.70, to secure which he had, prior to the time the writ of attachment was levied, executed and delivered to him (Hamlett) a chattel mortgage on "five acres of cotton grown and cultivated by defendant on his.farm during the year 1908; that the said cotton was planted, grown and matured, and was thereafter baled, and that intervener's said mortgage lien fully attached, and was, at and before the time of the levy of the attachment herein by plaintiff, a valid and subsisting and unsatisfied mortgage lien on the said cotton as described in the return of the officer levying said attachment, and was also a valid and subsisting lien, unsatisfied, on the horse described in said officer's return, which is and was the same horse described in intervener's said mortgage lien." In his petition said Hamlett further alleged that Bailey had, before the issuance and levy of the writ of attachment, sold and delivered to him (Hamlett) the two bales of cotton described in the officer's return as marked "No. 511" and "No. 512." He attached as an exhibit to his petition in intervention the mortgage referred to therein, and prayed for a judgment against Dorroh for the two bales of cotton marked "No. 511" and "No. 512," and for the value of the other property levied upon by virtue of the writ of attachment and covered by the mortgage; and for a judgment against Bailey for the unpaid part of the debt secured by the mortgage, and foreclosing same as against all the property covered by it. In a supplemental petition Dorroh excepted to Hamlett's petition in intervention on the ground that it showed no interest in Hamlett in the subject matter of the suit. The exception was overruled. In a trial amendment Dorroh alleged that, to secure one of the notes he sued upon, Bailey had executed and delivered to him a mortgage on "one 2¾-inch Espenchied wagon, brake, seat and bed." The judgment of the court on the verdict of a jury was in favor of Dorroh against Bailey for the sum sued for by the former, and foreclosing in favor of Dorroh the mortgage lien claimed by him on the wagon; in favor of Hamlett against Bailey for the sum claimed by the former to be due to him by the latter, and foreclosing in favor of Hamlett the mortgage lien claimed by him against a horse, two mules, two bales of the cotton and five-sixths interest in the "cotton in the field," levied on by virtue of the writ of attachment; in favor of Hamlett against Dorroh and the sureties on a replevy· bond executed by them to obtain the possession of a portion of the property levied upon by virtue of the writ of attachment; and in favor of Bailey for one-sixth interest in the "cotton in the field." The two bales of cotton marked "No. 511" and "No. 512" were decreed to be property belonging to said Hamlett. The appeal is by Dorroh.

*After stating the case as above.*—We think the court erred in overruling appellant's demurrer to the petition in intervention of appellee Hamlett, on the ground that it did not appear from the allegations in said petition that said Hamlett had an interest in the subject matter of appellant's suit against appellee Bailey, to wit, the alleged indebtedness of the.latter to the former. Fisher & Weis v. Bogarth, 2

App. C. C., secs. 120 and 121; Jaffray v. Meyer, 1 App. C. C., secs. 1350 and 1351; Stansell v. Fleming, 81 Texas, 298; Reddick v. Elliott, 28 S. W., 43; Whitman v. Willis, 51 Texas, 426; Meyberg v. Steagall, 51 Texas, 354; Hillebrand v. McMahan, 59 Texas, 454; Ferguson v. Herring, 49 Texas, 129. In Fisher & Weis v. Bogarth, *supra*, a distress warrant had been issued and levied upon property found in Bogarth's possession upon the rented premises. McDonnell & Co. intervened in the suit, alleging that they held a mortgage lien upon the goods, executed to them by Bogarth to secure an indebtedness due by him to them, and that their mortgage lien was prior and superior to the landlord's lien claimed by plaintiffs. It was held that the subject matter of the suit was the amount of rent claimed by plaintiffs to be due to them from Bogarth, and therefore that McDonnell & Co. were not entitled to intervene in the suit. In Jaffray v. Meyer, *supra*, Jaffray sued Meyer for a debt and had a writ of attachment levied upon merchandise as the property of Meyer. One Cheek intervened, claiming the merchandise by virtue of a deed of assignment executed to him as assignee by Meyer for the benefit of his creditors, which he (Cheek) had accepted, and under which he claimed to have been in possession of the goods when same were levied upon. In discussing the right of Cheek to intervene, after calling attention to the fact that the interest authorizing an intervention by a stranger to the record in a pending suit must be an interest in the subject matter of such suit, the court said: "The seeming confusion which exists in regard to the right of intervention results not so much from the fact that some ancillary writ has been issued in a pending cause as it does from the fact that the character of interest necessary to authorize an intervention is not properly considered. The subject matter of this litigation was the recovery by appellants against Meyer for their debt. The intervener does not pretend to have any interest in the debt that could be affected by the judgment that might be rendered therein. He asserts no claim to it as against either party, nor any defense whatever against a recovery by appellants. Speaking from the record, this suit did not have for its object, in whole or in part, the foreclosure of any lien upon the specific property subsequently levied upon by the sheriff. The writ of attachment was not levied against any particular property of the defendant Meyer. At the time the writ was issued Cheek had no interest in the subject matter of the suit; he could not have recovered, in whole or in part, the relief sought by appellants, neither could he, as defendant, have defeated the appellants in obtaining any part of that relief. The question as to the right to the particular property levied on was incidentally brought into the suit by a contingency occurring after its commencement. As to whether that or any other property would become involved in the litigation, even incidentally, could, at the time the suit was brought, have been but a matter of surmise or speculation depending upon the action of the sheriff in levying the attachment. The appellee Cheek fails in his plea in intervention to show such an interest in the subject matter of the suit as would authorize him to intervene therein." In Carter v. Carter, 36 Texas, 693, it was held that a claimant of property levied upon as the property of another person was not entitled

to intervene in the pending suit, but that his remedy was to file a claimant's affidavit and bond under the statute. Sayles' Stats., art. 5286. In Ryan v. Goldfrank, 58 Texas, 358, the ruling in Carter v. Carter was referred to as one which had been frequently made by the Supreme Court, and Pool v. Sanford, 52 Texas, 621, and Rodrigues v. Trevino, 54 Texas, 198, were cited as instances. The authorities referred to, we think, must be regarded as conclusive of appellee Hamlett's contention that he had a right to intervene in appellant's suit against Bailey upon either the ground that he had a mortgage lien upon the property attached, or was the owner of a part of it. They are not, we think, in conflict with either Fleming v. Seeligson, 57 Texas, 531, or Johnston v. Luling Mfg. Co., 24 S. W., 996, cited by appellee as supporting his contention. The former was a suit of trespass to try title, and certain land, which the intervener claimed to own, was the subject matter of the suit. The latter was a suit for debt and to foreclose a mortgage on property levied upon by virtue of a writ of sequestration at the plaintiff's instance, and on which the intervener also claimed a lien. The subject matter of the suit was the debt claimed and the specific lien asserted against specific property seized by virtue of the writ of sequestration.

The conclusion reached renders it unnecessary to consider other assignments. The judgment will be reversed and the cause will be remanded with instructions to the court below to dismiss appellee Hamlett's petition in intervention, and to try the case anew on the issues between appellant and appellee Bailey.

*Reversed and remanded.*