SLAYDEN–KIRKSEY WOOLEN MILL v. ROBINSON et ux.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 6, 1912.)

1. VENUE (§ 79*)—EFFECT OF TRANSFER—PLEA OF PRIVILEGE.

Acts 1st Called Sess. 31st Leg. c. 34, created for Tarrant county a court designated as the "county court of Tarrant county for civil cases," with jurisdiction of civil cases other than probate matters to the exclusion of the "county court of Tarrant county," and also made the county clerk the clerk of the new court. Acts 30th Leg. c. 133, provides that a court sustaining a plea of privilege by a defendant to be sued in the county of his residence must transfer the case to that county. Held, that where a cause for goods sold brought in another county was, on a plea of privilege, transferred to the "county court of Tarrant county," the county clerk of that county properly filed and docketed the suit in

the county court of Tarrant county for civil cases; the improper designation of the court being a mere irregularity not depriving the proper court of the jurisdiction vested in it by law.

[Ed. Note.—For other cases, see Venue, Dec. Dig. § 79.*]

2. JUDGMENT (§ 443*) — INJUNCTION — EXCUSES FOR FAILURE TO DEFEND.

To entitle a person to equitable relief against a judgment, he must show that his failure to defend was due to no negligence on his part, and, where a person against whom suit was brought in a county other than his own hired an attorney, who interposed a plea of privilege and informed his client that that settled the case, and the client took no further steps to defend and did not know that the suit had been transferred to his own county and a default entered until execution issued, his ignorance of the law or the erroneous advice of his attorney, unconnected with any fault of his opponent, was not sufficient excuse.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 836, 838; Dec. Dig. § 443.*]

3. PLEADING (§ 8*)—CONCLUSIONS—TITLE.

An allegation, in a petition for equitable relief from a judgment, that goods levied on under execution were not the goods of the judgment debtor, but were the separate property of his wife, is not insufficient as a conclusion, as it is not incumbent upon the pleader to allege the evidence upon which he expects to prove title.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

4. JUDGMENT (§ 408*)—EQUITABLE RELIEF—ADEQUATE REMEDY AT LAW.

Where a stock of goods levied on as that of a husband in fact belongs to the wife, equity will restrain the enforcement of the judgment, as by a proceeding at law to try the right of property the damages against the sheriff, both as to the goods seized and the remainder, would be released, the goods would have to be returned to the custody of the officer until the determination of the right thereto and would be subject to such other writs as might have been levied before the trial, and the wife would be deprived of the right to have the goods replaced and sold with the stock, so that the remedy at law would not be plain and adequate.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 772; Dec. Dig. § 408.*]

5. APPEAL AND ERROR (§ 251*)—EXCEPTIONS BELOW—PARTIES.

Where the question as to a misjoinder of parties or causes is not presented by a special exception in the trial court, the defect is not reviewable on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1476–1484; Dec. Dig. § 251.*]

Conner, C. J., dissenting in part.

Appeal from Tarrant County Court; C. T. Prewett, Judge.

Action by J. D. Robinson and wife against the Slayden-Kirksey Woolen Mill. From a judgment for plaintiffs, defendant appeals. Affirmed in part, and reversed and remanded in part.

C. E. Witt, for appellant. McCart, Bowlin, Terrell & McCart, for appellees.

DUNKLIN, J. The Slayden-Kirksey Woolen Mill has appealed from an order made by

the judge of the county court of Tarrant county for civil cases granting a temporary writ of injunction restraining the collection of a certain judgment rendered by that court in favor of appellant against J. D. Robinson, also restraining the sale under execution issued on that judgment of a one-half interest in a stock of goods. The suit in which the injunction was granted was instituted by J. D. Robinson and wife against appellant in the court mentioned. The writ was granted upon an ex parte hearing, and upon the allegations contained in the petition filed in the suit which were verified by the affidavits of J. D. Robinson.

[1] According to those allegations, the suit in which the judgment, the collection of which was sought to be restrained, was instituted in the county court of McLennan county by appellant against J. D. Robinson as the sole surviving member of an alleged partnership firm doing business under the name of A. M. Robinson. In that suit plaintiff sought a recovery upon an account for goods alleged to have been sold to the firm of A. M. Robinson. J. D. Robinson, who was then a resident citizen of Tarrant county, filed his plea of privilege alleging that fact and objecting to the venue of the suit in McLennan county. On October 19, 1910, this plea was sustained, and thereupon an order was entered directing that the suit be transferred to the county court of Tarrant county. The necessary papers for such a transfer were forwarded to the county clerk of Tarrant county, who filed and docketed the suit in the county court of Tarrant county for civil cases, and the judgment of that court in that case is the judgment of which appellees in this suit now complain.

By an act of the Thirty-First Legislature (see Acts 1909, p. 48), a court was created for Tarrant county which was by the act designated as the "county court of Tarrant county for civil cases." The act vested in that court jurisdiction of all civil cases other than probate matters, to the exclusion of the "county court of Tarrant county," and limited the jurisdiction of the latter court to such other business as was theretofore vested in it by the Constitution and statutes. It was further provided that the clerk of the county court of Tarrant county should also be the clerk of the new court thus created. Appellees insist that as the order made by the county court of McLennan county changing the venue transferred the case to the county court of Tarrant county, instead of to the county court of Tarrant county for civil cases, the latter court acquired no jurisdiction to try it. By an act of the Legislature passed in 1907, (page 248) it was made the duty of a court sustaining a plea of privilege, urged by a defendant in a suit to be sued in the county of his residence, to transfer the case to that county. The statute is mandatory in its terms, and no discretion is given the court

to do otherwise than to make such transfer. When J. D. Robinson's plea of privilege was sustained by the county court of McLennan county, jurisdiction to try the case was vested by law immediately in the county court of Tarrant county for civil cases, where it was in fact docketed and tried. The clerk of the county court of Tarrant county to whom the order directed the transcript and papers to be sent, and who did receive them, was the proper clerk to receive them. The county court of Tarrant county was without jurisdiction to try the case, and, if the order be construed as transferring it to that court, then it was a nullity. H. & T. C. Ry. Co. v. Ryan, 44 Tex. 426. In making the order changing the venue, evidently it was the purpose of the judge to transfer the case to the proper court, and his failure to designate the particular county court to which the case should be transferred was an irregularity only, and did not have the effect to deprive the proper court of the jurisdiction vested in it by law. Buchanan v. Barnsley, 105 S. W. 843.

[2] In the petition for injunction J. D. Robinson alleged facts sufficient to show a good and valid defense to the suit in which the judgment complained of was rendered. According to the further allegations in the petition, he employed an attorney to present his plea of privilege to the county court of McLennan county. Evidence introduced in support of that plea bore materially upon the merits of the case, and after the plea was sustained his attorney wrote him that in his opinion the action of the court in sustaining the plea practically settled the case. He was ignorant of court procedure, and relied upon the opinion given him by his attorney, and was thus led to believe that the suit against him would be abandoned. For this reason he took no further steps to defend the suit and did not learn of the judgment nor of any further proceedings therein until execution had been issued on the judgment and notice of its levy served upon his wife, Mrs. M. F. Robinson. Accepting all these allegations as true, they failed to show a valid excuse for the failure of J. D. Robinson to follow the case to the court in which it was tried and there present his defenses to the claim asserted against him. Santa Fé L. E. & P. Land & Trust Co. v. Cumley, 132 S. W. 889.

In part, this suit was in the nature of a bill in equity to set aside the judgment, and the decisions uniformly hold that to entitle the plaintiff in such a proceeding to that relief he must show clearly that his failure to defend the suit was due to no negligence on his part; and his ignorance of the law or the erroneous advice of his attorney, unmixed with any fault of the opposing party, is not sufficient. During the term at which a judgment is rendered, the trial judge, if he thinks the judgment improper, has a wide discretion to set it aside, either upon

the motion of the losing party, or upon his own motion; but after the adjournment of the term his power to set aside is determined by a different rule. Johnson v. Templeton, 60 Tex. 239. However, we think the injunction, in so far as it restrained the sale of a one-half interest in the stock of goods levied on by virtue of the execution issued on the judgment, was properly granted.

[3] In the petition it was alleged that such interest was the separate property of Mrs. Robinson. No facts were alleged showing the basis of this claim, and appellant insists that the allegation was but a conclusion of law and insufficient as against a general demurrer. We think this contention unsound. An allegation of ownership of property is an allegation of fact, and it is not incumbent upon the pleader to allege the evidence upon which he expects to prove title. Rains v. Herring, 68 Tex. 468, 5 S. W. 369; Thomas v. Chapman, 62 Tex. 193.

[4] Appellant insists that an adequate remedy for the protection of Mrs. Robinson's interests in the goods is given by the statute providing a proceeding for the trial of the right of property, and therefore she was not entitled to a writ of injunction to restrain the threatened sale. In the case of Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, an injunction to compel the restoration of goods levied upon under a writ of execution while in the possession of a trustee for a partnership firm who owned the goods was upheld. In that case our Supreme Court, after holding that, as the property seized by the officer in making the levy was partnership property and could be levied upon only by notice under the statutes, the levy was unlawful, said: "But notwithstanding this fact, it is contended that under the authority of Ferguson v. Herring, 49 Tex. 129, the trustee had an adequate remedy under the statute providing a proceeding for the trial of the right of property, and that therefore he was not entitled to an injunction. We do not think this position can be sustained. If the trustee had resorted to that remedy, he would have released all damages against the sheriff, both as to the goods seized and as to the remainder (Rev. Stats. 1895, art. 5311), and the property when returned to him would have been in custodia legis, subject to such other writs as might have been levied before the trial, and his bondsmen would probably have had the right to require its preservation by him in kind to be returned in satisfaction of the judgment against him (Rev. Stats., arts. 5287, 5310), thus depriving the trust estate of the benefit of having the goods replaced in and sold with the stock. It would be unjust to both him and the sureties to replace the goods in the stock and sell same pending trial of right of property proceedings, for, if he failed to establish his claim after the goods were sold, he and his sureties would be liable on the bond to the execution creditors for the amount of their claims and 10 per cent. damages thereon, to the full extent of the value of the property, with interest thereon from the date of the bond and 10 per cent. additional upon such value; such value to be determined by the court or jury trying the cause, and not by what the trustee might have realized by such sale. Thus by such proceeding the trust estate would be diminished by the amount of the damage done by the levy, and the trustee and his bondsmen exposed to great hazard in attempting to protect the trust estate. We are of opinion that the principles of equity do not require us to hold that such statute afforded the trustee an adequate remedy, and that therefore a court of equity had no power, at his instance, to protect the trust by injunction against the trespass of an officer attempting to execute his writ in a manner prohibited by our statutes."

In overruling the further contention that the trustee had an adequate remedy by suit for damages against the sheriff for the wrongful levy he failed to show a right to the injunction, the court used the following language: "It is not enough that there is a remedy at law; it must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. Watson v. Sutherland, 5 Wall. 74 [18 L. Ed. 580]; North v. Peters, 138 U. S. 271 [11 Sup. Ct. 346, 34 L. Ed. 936]. In courts administering both law and equity, like ours, the rules denying injunction when there is a remedy at law should not be applied as rigidly as at common law, where the issuance of the writ in equity was, to a certain extent, an invasion of the jurisdiction of another tribunal. If, as here, the applicant shows a clear right to be left in the undisturbed possession of certain property, and that such right is about to be invaded without semblance of right by another, such invasion, on principle, should be prevented in its incipiency by injunction, instead of allowing the injury to be inflicted and then leaving the party to his legally adequate, but in fact generally very inadequate remedy of an action for damages." It was further said in the opinion in that case: "While it is not necessary in this case, if we are correct in the statement of the above principles, to so hold, still we deem it proper to say that we are strongly inclined to the opinion that Rev. Stats. art. 2989, authorizes the injunction in this case, though the proceeding for trial of right of property and the action for damages should be held adequate remedies within the rule denying an injunction in such case at common law. * * * This provision of the statute is most significant when it is considered that it was first incorporated into our law in the Revised Statutes of 1879, soon after the decision of Ferguson v. Herring, supra, in 1878."

A majority of the court are of the opinion that this decision is of controlling effect

upon the question now under discussion, and that there was no error in granting an injunction restraining the sale of Mrs. Robinson's interest in the goods. See, also, Dycus v. Traders' Bank & Trust Co., 52 Tex. Civ. App. 175, 113 S. W. 329; Nat. Bank v. Kiam, 52 Tex. Civ. App. 253, 113 S. W. 948.

[5] No assignment is presented suggesting a misjoinder of parties or causes of action. Indeed, in the absence of a special exception to the petition raising those questions, such an assignment would avail nothing. See McFadden v. Schill, 84 Tex. 78, 19 S. W. 368; Brooks v. Galveston City Ry., 74 S. W. 330; G. H. & S. A. Ry. v. Silegman, 23 S. W. 298.

For the reasons indicated, the order restraining the sale of the goods is affirmed; but the order granting an injunction to restrain the collection of the judgment is reversed, and the cause remanded.

CONNER, C. J. (dissenting in part). I feel unable to concur in the conclusion that appellee's petition discloses sufficient grounds for the injunction as upheld. In so far as the right to an injunction can be said to be supported by allegations of a void judgment, the injunction should fall as being merely incidental to the main controversy, which has been determined by us all adversely to appellees. As showing a right independent of the controversy between J. D. Robinson, the husband, and the appellant, Slayden-Kirksey Woolen Mill, I think the petition insufficient, in that neither Mrs. Robinson, nor her husband in her right, shows any cause for intervention in the suit and thus to inject the independent issue of whether the personal property levied upon is the separate property of the wife. See Whitman v. Willis, 51 Tex. 429; Dorroh v. Bailey, 125 S. W. 620. Moreover, in other respects the petition seems wholly insufficient. Aside from the allegations relied upon as showing the invalidity of the judgment against J. D. Robinson and a just defense to the cause of action asserted by the Slayden-Kirksey Woolen Mill, the only relevant averments are that J. D. Robinson had no knowledge of the proceedings subsequent to the order of transfer by the county court of McLennan county "until execution had been issued on said judgment and notice of a levy of the same served upon the wife of defendant, Mrs. M. F. Robinson," and that "the said execution issued out of the county court of Tarrant county, Tex., for civil cases upon said judgment has been levied by the sheriff of Tarrant county, Tex., upon a one-half interest in the stock of goods of Robinson & Co., at Grapevine, Tex.; the said property so levied upon being the separate and individual property of the plaintiff, Mrs. M. F. Robinson. Plaintiffs allege that unless this court issue and order its writ enjoining the said sale of said property so levied upon by the sheriff of Tarrant county, Tex., said property will be sold thereunder to plaintiffs'

injury." The prayer is as follows: "Wherefore plaintiff J. D. Robinson prays the court that the defendant be cited to appear and answer therein; that the judgment heretofore rendered against him in the county court of Tarrant county, Tex., for civil cases, be set aside, and a new trial granted him; that said execution heretofore issued be ordered recalled and returned into court; that the said sheriff be restrained from selling the property levied upon under said execution; for costs of suit; and for general relief. And the plaintiff Mrs. M. F. Robinson, in addition to the relief asked by said J. D. Robinson, and adopting same for herself, asks that said sheriff be restrained by order of this court from selling said property under said execution, and for general relief."

I submit that the allegations so quoted fail to exclude the necessity of a suit at law as for a conversion, or a resort to the legal remedy of a trial of the right to the property levied upon by filing affidavit and claimant's bond as provided by Revised Statutes, art. 5286, a remedy at once speedy and efficacious and designed for causes such as this. See Whitman v. Willis, 51 Tex. 421; Lang v. Dougherty, 74 Tex. 226, 12 S. W. 29; Ferguson v. Herring. 49 Tex. 126. In the case last cited it was expressly held that a claimant of property levied upon, as here, by an execution issued against another, cannot invoke relief by injunction. But it is supposed that our statute authorizing the issuance of injunctions as amended by an act approved April 22, 1909 (see General Laws 1909, 1st Called Sess. p. 354), alters the rule, and the majority rely upon the case of Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, as favoring this supposition. The act referred to, so far as pertinent, is as follows: "Section 1. That article 2989 of the Revised Civil Statutes of Texas be amended so as to read as follows: Article 2989. Judges of the district and county courts shall, either in term time or vacation, hear and determine all applications and may grant writs of injunctions returnable to said courts in the following cases: (1) Where it shall appear that the party applying for such writ is entitled to the relief demanded and such relief, or any part thereof requires the restraint of some act prejudicial to the applicant. (2) Where, pending litigation, it shall be made to appear that a party doing some act respecting the subject of litigation, or threatens, or is about to do some act, or is procuring or suffering the same to be done in violation of the rights of the applicant, which act would tend to render judgment ineffectual. (3) In all cases where the applicant for such writ may show himself entitled thereto under the principles of equity, and as provided by statutes in all other acts of this state, providing for the granting of injunctions, or where a cloud would be put on the title of real estate being sold under an execution against a person, partner-

ship or corporation, having no interest in such real estate subject to the execution at the time of the sale, or irreparable injury to real estate or personal property is threatened, irrespective of any legal remedy at law."

It is to be observed that, to authorize the issuance of the writ of injunction under the paragraphs quoted, it must appear that such relief "requires the restraint of some act prejudicial to the applicant"; or that the act complained of would tender to render judgment "ineffectual"; or where "irreparable injury" to real estate or personal property is threatened. I am unable to see in what way Mrs. Robinson's case for injunction is brought within either of the classes of cases so provided for by the statute. The sole facts alleged are that the property is her separate property, that it has been levied upon, and that it will be sold. That such sale will be to her injury is a mere conclusion. If the levy was by an actual seizure of the property by the officer, but which is not distinctly alleged, a plain legal remedy exists that will afford appellees as full and speedy relief as the remedy of injunction, and at the same time give opportunity to appellants to exercise the right of jury trial and other remedies not ordinarily available in injunction suits. If the levy was by mere notice thereof as provided in Revised Statutes, art. 2352, as is to be implied from the petition, then neither Mrs. Robinson's title or possession has been disturbed; she being no party to the writ. If it be said that the threatened sale would cloud her title, the answer is that the statute by implication clearly excludes such ground in cases of personal property. As before indicated, to authorize the injunction irrespective of legal remedies, the threatened injury to real estate or personal property must be imminent. See statute quoted and Heath v. First Nat. Bank, 32 S. W. 779; Biggs v. Leffingwell, 132 S. W. 902, and authorities therein cited. I do not understand the case of Sumner v. Crawford, cited by the majority on the question under consideration, as in conflict with the views above expressed. The question in that case, as stated by the court, was: "Can a trustee in possession of a stock of goods, conveyed to him by a firm to be sold to raise funds to pay certain partnership and individual debts of such firm and its members, by injunction compel the restoration of certain staple goods of such stock seized and taken from his possession by virtue of an execution against one of the partners, upon a showing by such trustees that, by reason of the taking of such goods, the remainder of the stock would be greatly depreciated in value and the trust estate thereby greatly damaged?" This was the question decided. No such case

here appears. It is not shown that actual possession was taken by the officer, or, if so, that the part taken was necessary or beneficial to a successful or profitable disposition of the remainder of the goods. In brief, aside from some of the general language used by the able judge who wrote the opinion, it was merely held, in Sumner v. Crawford, that the legal remedy was not adequate and efficient for the relief the claimant in that case showed himself entitled to. It seems to me that that case should not be extended beyond its own facts so as to include the case here made, for it could hardly have been contemplated, in the absence of legislative repeal, to thereby render the statute providing for a trial of the right to property wholly useless, or to unsettle the long-existing and well-settled principles and practice relating to the remedy of injunction.

On the whole I think that no cause for the writ of injunction has been shown herein, and that the order therefore should be vacated in toto.