CARR v. WRIGHT.   (No. 1073.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 6, 1916.)

1. APPEAL AND ERROR ⊕1051(3)—HARMLESS ERROR—RULING ON EVIDENCE.

Any error in allowing plaintiff to testify that T. made the contract as agent of defendant was harmless; defendant testifying that T. made it both for himself and as representative of defendant, and it appearing that after it was made the whole matter was submitted to the defendant and the terms approved by him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4164, 4167; Dec. Dig. ⊕1051(3).]

2. PARTIES ⊕84(2) — NONJOINDER — ACTION AGAINST PARTNER—WAIVER.

Defect of the petition in suing one partner alone on the firm's obligation is waived by defendant not interposing plea in abatement.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 136, 138, 141, 142; Dec. Dig. ⊕84(2).]

Appeal from Roberts County Court; J. E. Kinney, Judge.

Action by J. P. Wright against J. J. Carr. Judgment for plaintiff, and defendant appeals. Affirmed.

J. W. Sanders, of Canadian, for appellant. Coffee & Holmes, of Miami, for appellee.

HALL, J. Appellee, plaintiff below, sued appellant, alleging, in substance, that during the year 1915 he was the owner of a threshing outfit; that the defendant Carr, acting by and through his duly authorized agent, Sam Teague, employed plaintiff to thresh certain crops of wheat, milo maize, etc., located on the defendant's farm; that he contracted with defendant through his agent Teague to do the threshing at 8 and 10 cents per bushel; that by the terms of the contract plaintiff was to furnish a dependent crew, consist-

ing of engineer, separator man, and water hauler; and that defendant was to furnish the remainder of the crew and outfit consisting of men, wagons, and teams, and that feed and coal should be hauled to the thresher by such teams. In the alternative it is alleged that if no such contract was formed, then defendant was indebted to plaintiff for services rendered in threshing said crops to the reasonable amount of 8 and 10 cents per bushel; that only $40 had been paid on the account, leaving a balance due plaintiff of $309.08.

Defendant answered by general demurrer, special exceptions, and general denial, and alleged in substance as follows: That plaintiff was to have, as compensation for threshing, 8 and 10 cents per bushel, but that plaintiff should furnish an independent crew —that is, furnish all the help necessary to properly do the threshing; that the contract set up by plaintiff was not a contract between plaintiff and defendant, but was a contract between plaintiff on one side and the defendant, and Sam Teague, who jointly owned with defendant the grain threshed, on the other side. Defendant further pleaded payment to the amount of $336.55, by reason of which plaintiff had already overpaid in the sum of $32.50, and prayed for judgment for said overplus.

A trial before a jury resulted in a verdict and judgment for plaintiff in the sum of $234, being the sum fixed as reasonable compensation for services rendered.

[1] The first error assigned is the court erred in permitting appellee to testify that Teague made the contract with him as the agent of Carr. Carr testified that Teague made the contract with appellee as the representative of both himself and Carr. It further appears from the statement of facts that after appellee and Teague had made the contract the whole matter was submitted to Carr and the terms approved by him. The error, if any, is therefore harmless.

[2] The remaining assignments in various ways insist that because Teague was jointly interested in the crops with Carr, or, as is stated by several witnesses, was a partner with Carr in the grain to be threshed, no judgment should have been rendered against Carr alone for the whole amount. Appellant did not seek to abate the action because of the defect of parties defendant by sworn plea, as required under the statute. They therefore waived this defect in the petition. Vernon's Sayles' Civil Statutes, art. 1906, subsec. 5; Slayden-Kirksey Woolen Mill v. Robinson, 143 S. W. 294; Sellers v. Puckett, 180 S. W. 640; Holman v. Vickery, 106 S. W. 430; St. Louis Southwestern Ry. Co. v. Parks, 40 Tex. Civ. App. 480, 90 S. W. 344; Brackenridge v. Claridge, 42 S. W. 1005.

We find no reversible error in the record, and the judgment is affirmed.