### O'BRIEN et al. v. AMMERMAN et al.
### (No. 8095.)

(Court of Civil Appeals of Texas. Galveston. June 9, 1921. Rehearing Denied Oct. 6, 1921.)

1. **Constitutional law** &copy;&rightarrow;46(2) — **Plaintiffs seeking injunction against statute must show ground for equitable relief to have constitutionality determined.**

Mere allegation in the petition of the unconstitutionality of a statute, enforcement of which is sought to be enjoined, does not entitle plaintiffs to have the question adjudicated; but they must show some recognized ground for equitable relief.

2. **Pilots** &copy;&rightarrow;1—**Regulation left by Congress with states.**

Acts 4th Called Sess. 1920, c. 3, as to pilots, is not invalid as in conflict with federal powers; Congress, while having power to regulate pilotage when it sees fit to exercise it, not having used it, but by act of 1789 (U. S. Comp. St. § 7981) having left it where it found it, and confirmed it in the states.

3. **Statutes** &copy;&rightarrow;93(2)—**Act as to pilots not special, though there is but one city of the class to which it applies.**

Acts 4th Called Sess. 1920, c. 3, as to pilots, is not special, though there is but one city of the class as to which it is made applicable —cities having 100,000 or more population, situated along or on navigable streams, and owning or operating municipal docks, wharves or warehouses—there being nothing unreasonable or arbitrary in the classification.

4. **Constitutional law** &copy;&rightarrow;63(2)—**Legislative powers not delegated by pilotage act.**

Acts 4th Called Sess. 1920, c. 3, authorizing cities of a certain population and situation to appoint pilot boards and define their powers and duties, and giving the cities jurisdiction over pilotage between the Gulf and their respective ports, and power to appoint, suspend, or dismiss branch pilots or deputy pilots, does not delegate legislative power, but, as is permissible makes the cities state agencies for accomplishing the purposes of the law.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit by Charles O'Brien and others against A. E. Ammerman and others. From an adverse judgment, plaintiffs appeal. Affirmed.

Gibson & Rogers, T. J. Harris and Sewall Myer, all of Houston, for appellants.

Geo. D. Sears, of Houston, for appellees.

PLEASANTS, C. J. This is an appeal from a judgment of the court below refusing a temporary injunction in a suit for injunction brought by appellants against appellees. Plaintiffs are residents of the city of Houston, and each of them is a duly qualified and licensed pilot under the laws of the state of Texas and of the United States, having been appointed to the office of pilot by the Board of Pilot Commissioners for the inland waterway extending from the city of Houston to Bolivar Roads and the Gulf of Mexico, appointed by the Governor of Texas in 1919, under the provisions of chapter 1, tit. 107, art. 6299, of the Revised Statutes. The defendants are the mayor and city commissioners of the city of Houston and the members of the harbor board of the city of Houston, and the secretary of said board.

The petition alleges:

"Complainants would further show that by virtue of their appointments and qualifications and ever since said appointments were made and since they had qualified, complainants and their said deputy have been holding and exercising the functions and office of pilots in carrying out the duties of their offices in piloting vessels navigating upon the ship channel and San Jacinto and Galveston Bays to the Gulf of

---

&copy;&rightarrow;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Mexico, to the port of Galveston, Texas City, and the city of Houston, as the law required them so to do. That they have never been removed from office by the Governor of this state nor by the pilot commissioners appointed by the Governor of this state; that they have not resigned, and that they are prepared, ready, and willing, each of them, to still perform the duties of their offices and carry out the rules and regulations of the federal government and the state authorities in connection with the navigation of all vessels plying said waters."

It is then alleged in substance that the mayor and city commissioners of the city of Houston and the harbor board of said city, under the authority of an act of the Legislature passed at the Fourth Special Called Session in September, 1920 (Acts 4th Called Sess. 1920, c. 3), were claiming the right to appoint all pilots for the port of Houston and the inland waterway before described, and—

"to suspend or dismiss from office pilots, branch pilots, or deputy pilots and to provide qualifications for and examine and determine the qualifications for office of any and all pilots, branch or deputy pilots in office at the time of the taking effect of the act, and retain in service or suspend or dismiss from service any and all pilots as they deem advisable, to fix rates and pilotage and to establish and enforce criminal ordinance or otherwise any and all regulations compatible with federal regulations for the government of pilots, this act providing that the constitutional rule be suspended and this act take effect and be in force from and after its passage."

The other material allegations of the petition are as follows:

"VII. The complainants would further show that at the time said bill was introduced in the Legislature at said Fourth Special Called Session on September 21, 1920, there also existed, as was well known to the Legislature and to the Governor of this state, no other city containing 100,000 or more inhabitants upon a navigable stream in the state of Texas, owning and operating municipal wharves, docks, or warehouses, and that the said bill was House Bill No. 4, which was passed and approved and appears in the authorized Pamphlet Acts of the state of Texas, as chapter 3 thereof, that said bill, which was drawn in terms as a general bill or general law, it was well known that in its application and effect and force it could only apply to pilots or branch pilots or pilot commissioners for the Houston ship channel, a special waterway leading from the city of Houston to the Gulf of Mexico, as aforesaid, down the Buffalo bayou to the Gulf of Mexico, it being commonly and judicially known throughout the state by the Governor and the Legislature that at said time and now no other city of Texas, with 100,000 inhabitants, owning municipal wharves and docks, existed in Texas, and that no other city with 100,000 inhabitants would for many years be situated in Texas on a navigable stream or exist in this state except the city of

Houston, and that notwithstanding this was a common knowledge judicially known to said Legislature and to the Governor and to the parties proposing said bill, no publication had theretofore been made in the locality where the matter or thing to be affected by the bill was situated, stating the substance of the contemplated law, and duly published for 30 days prior to the introduction in the Legislature of such bill, and no evidence of such notice was exhibited in the Legislature before such act was introduced and passed.

"VIII. The complainants would further show that, acting under the alleged authority supposed to have been conferred by said enactment (chapter 3 of the Pamphlet Act of the state of Texas at the Fourth Special Called Session September 24, 1920), the said mayor and aldermen of the city of Houston, the said A. E. Ammerman, Dave Fitzgerald, Mat Drennan, H. A. Halverton, and Allie Anderson, acting as city council and commissioners of the city of Houston, duly qualified as such, by certain ordinances, copies of which will be herewith filed, undertook to take over and assume the authority to appoint, remove, and regulate the pilots and branch pilots serving upon said inland waterway, and amount other things have illegally created and undertaken to create the office of pilot commissioners for the port of Houston, and have appointed the members of the Houston harbor board of the city of Houston, to wit, the said D. S. Cage, J. S. Rice, R. M. Farrar, R. S. Sterling, and W. D. Cleveland, Jr. to said office and undertook to confer on them the authority of pilot commissioners for said port and waterway, and conferred upon said B. C. Allen certain power and authority as secretary thereof; that said defendants, as commissioners of the city of Houston, by ordinance, as will be shown by Exhibit A to this petition, required all these complainants and their deputy T. V. Jenkins should make and execute each a bond in the sum of $5,000, to be approved by the said mayor and payable to the said city of Houston, conditioned upon their faithful discharge of their duties, etc., as pilots upon said ship channel leading to the Gulf of Mexico, and that said Mayor Ammerman, acting for the city and council and for the commissioners of the city of Houston, and under and by virtue of the alleged authority conferred by the said special act of the Special Fourth Called Session of the Legislature, has notified your complainants that they will not be permitted to act as pilots or branch pilots of that waterway, extending, as aforesaid, from the city of Houston to the Gulf of Mexico, without they shall recognize the authority of the city of Houston and of the pilot commissioners so appointed by the city or harbor board and its officials appointed by the city of Houston, and shall make and enter into the bonds as required by the ordinance of the city of Houston, payable to said city of Houston as officers and servants of the city.

"IX. The complainants would further show that they are advised and believe that the special act passed by the Legislature at the Fourth Special Session September 21, 1920, and approved October 2, 1920, same being chapter 3 of the Pamphlet Acts of said state, and which was introduced as House Bill No. 4 and enrolled, approved, and filed with the Secretary of State at Austin, Tex., is void and un-

constitutional, and that it is without legal force and effect."

"XI. The complainants would further show that they are advised and believe that the same is void and of no effect, because the same was a local bill or special law whose provisions were to take effect and be in force only in a prescribed locality, and that the same was not passed as required by section 57, art. 3, of the Constitution of the state of Texas, no notice stating the substance of the contemplated law having been published 30 days prior to the introduction of such bill, and such notice not having been exhibited in the Legislature before such act was introduced and passed.

"XII. The complainants would further show that they are advised and believe that said House Bill No. 4 of the Special Act contained in chapter 3 of said publication of the laws of Texas, is invalid and without force or effect in law because the same is in conflict with article 3, section 56, of the Constitution of the state of Texas, which prohibited the Legislature from passing any local or special law where the general law could be made applicable; that a general law was in force at the time, and such special act undertook to exempt this special territory from the General Law.

"XIII. The complainants would further show that because under article 3, c. 56, the Legislature was prohibited from delegating to the city of Houston or any municipality of the city the power of creating offices or fixing the duties of or qualifications of officers of the state of Texas and the federal government, and because the Legislature was prohibited from providing by special law (said House Bill No. 4, chapter 3, being shown to be a special law) from creating offices and prescribing their duties when a general law of the state could be made applicable.

"XIV. The complainants would further show that they are advised and believe that said law is unconstitutional and void, and that it is in conflict with article 16, § 59a, of the state Constitution, which requires the Legislature to pass all laws as may be appropriate to the navigation of inland and coastal waters; that said power so delegated to the Legislature of the state of Texas could not have been redelegated to the mayor and aldermen and commissioners of council or any municipal board by the Legislature of the state of Texas; that said act undertakes to redelegate and does redelegate to the mayor and aldermen and commissioners of the city of Houston exclusive jurisdiction over the piloting of boats between the Gulf of Mexico and the city of Houston, a territory the greater portion of which is outside and beyond the territorial limits of the city of Houston; that said enactment undertakes to delegate to the city of Houston the power to appoint and create state offices, and that of pilot commissioners be made by the Governor; that said enactment undertakes to confer upon said city of Houston authority to pass special laws fixing qualifications of pilots and branch pilots and laws governing such appointment, suspension, or removal; that said enactment undertakes to confer upon the said city of Houston power to pass laws fixing qualifications for office of any and all pilots, branch or deputy pilots to serve as said officers on this waterway and navigable stream between Hous-

ton and the Gulf of Mexico, beyond its limits in the county of Harris, in the county of Chambers, and in the county of Galveston; that the same undertakes to confer upon the city of Houston the right to pass ordinances establishing criminal offenses and enforcing the same regulating the acts of the pilots while engaged in the interstate and international commerce and to punish for acts committed outside the limits of the city of Houston.

"XV. The complainants would further show that said special act contravenes the laws of the United States of America, and in conflict therewith; that said laws and Constitution of the United States permits only the Legislature of the state to pass laws, rules, and regulations governing the navigation of inland waters, which are declared navigable streams open to navigation of interstate and international commerce not contrary to federal law; that said act is in conflict with articles 7402 to 7410, inclusive, of United States Revised Statutes, and in conflict with article 9983, United States Revised Statutes.

"XVI. The complainants would further show that they are officers of the state of Texas, and the offices that they hold under the state and federal authorities are valuable offices, and that they derive their maintenance and support from the fees derived from the services as such pilots and branch pilots from state and interstate and said international commerce carried upon said waterways; that said defendants have notified in writing these complainants, said notice being given on the 11th day of January, 1921, that they are required to make bond in the sum of $5,000 payable to the city of Houston and it was expected that they would govern themselves accordingly copy of which notice is hereto attached Exhibit B; that the said A. E. Ammerman, acting for defendants, further in connection with said notice, has verbally stated to the complainants and to their attorney that unless the said complainants enter into and execute the bond demanded under the ordinances of said city of Houston, they would not be permitted to act as pilots upon the Houston ship channel unless it was otherwise decided by law, and that the defendants would appoint and employ other persons as pilots to act upon said vessels, and they would prosecute the said complainants under the law if there was any such law to authorize said proceedings, and that unless restrained by this court the said defendants will undertake to deprive them of their respective offices, and hinder and prevent them from performing the duties and functions thereof; that the said defendants are undertaking to deprive them of their respective offices and hinder and prevent them from exercising the duties thereof, and that if permitted so to do the said defendants would deny to these complainants and each of them, and to their deputies, the right to serve and perform the duties of said officer, and would prevent them from earning fees therefrom; that said defendants will use the power, force, and influence they possess as officials of the city government of Houston, to hinder, embarrass, and prevent the complainants from being employed by vessels plying said navigable streams as pilots, and unless restrained by decree of court having jurisdiction thereof said defendants will prevent complain-

ants' employment upon said vessels plying upon the ship channel aforesaid, and earning their fees as pilots as aforesaid, and deprive them of their valuable rights; that said defendants will be acting and are acting in their aforesaid capacity and under a mistake of their legal power and authority, and for such acts will not be liable as individuals, and said defendants will appoint other persons to act as pilots of vessels on said waters, who will be insolvent and who can be made liable only to complainants severally and against whom a multiplicity of suits would have to be instituted and complainants greatly hindered and embarrassed in the duties of their office, for which complainants would suffer irreparable injuries for which they have no full, complete, and adequate remedy by law, and that if said defendants be not immediately restrained by an order of this court they will be ousted from performing their duties and from the functions of their offices, deprived of the honor and compensation that would accrue to them by virtue of the performance of their respective duties; that it is important that their rights be immediately established not alone for themselves, but to the public, and they therefore pray that this court should immediately hear and determine the rights and authority of the said complainants and of the said defendants; that this court, pending the final hearing of this cause, grant an order enjoining and restraining each of the said defendants, their successors in office, or any person acting under them or their successors, from interfering with, hindering, or in any manner undertaking to prevent these complainants and their said deputies from performing their duties as pilots or deputy pilots piloting boats navigating the Houston ship channel in San Jacinto and Galveston Bays in the state of Texas, or appointing, employing, and authorizing other persons to act thereon as pilots or branch pilots; that on final hearing hereof they pray that this injunction be made perpetual, and that the court will enter a decree that the said act of the Legislature under which said defendants are undertaking to appoint pilots, pilot commissioners, deputy pilots, or exercise any authority to interfere with these complainants in the performance of their duties as pilots, be declared, in so far as complainants' rights are concerned, without force and effect; that they recover their costs herein, and such other and further general and special relief as may be found just and right in the premises."

Upon the hearing of the application for temporary injunction the trial court held the act of the Thirty-Sixth Legislature, the validity of which is assailed by plaintiff's petition, was not obnoxious to any of the constitutional objections urged against it by plaintiffs, and sustained a general demurrer to the petition.

[1] Before proceeding to a discussion of the validity of the statute involved, we will dispose of the contention of appellees that, if the invalidity of the statute should be conceded, the general demurrer was properly sustained for want of equity in the bill. It goes without saying that the mere allegations of the unconstitutionality of the statute would not of itself entitle plaintiffs to have that question adjudicated in a suit to enjoin its enforcement, and unless the petition shows some injury to them will likely result from the attempted enforcement of the statute for which they would have no adequate remedy at law, or shows some other recognized ground of equitable relief, the courts will not, in a proceeding of this kind, undertake to pass upon the validity of a legislative act. We are strongly inclined to agree with the appellees that this petition does not allege any facts sufficient to call for the exercise of the equity powers of the court to enjoin the city authorities of Houston and Board of Pilot Commissioners appointed under said act from proceeding to carry out its provisions. It seems to us that plaintiffs have a plain and adequate remedy at law for any of the threatened injuries alleged in the petition. But we prefer not to rest the determination of this appeal upon this conclusion. In our opinion none of the grounds upon which the invalidity of the statute is claimed can be sustained.

The grounds upon which the legislative act, and the ordinance of the city of Houston passed in conformity thereto, are assailed may be summarized as follows: That the same are in conflict with the federal powers, being a regulation of commerce; that the legislative act is a special or local law, and not a general one, because Houston was the only city in the state which met the requirements of the law; that the legislative act is unavailing, because it is a delegation of nondelegable powers; that it gives the city of Houston extraterritorial powers, which are thereby nugatory; that because the law conferred upon the city of Houston potential power to declare a criminal offense beyond its territorial limits, it is thereby void.

[2] As to the first of these objections it is sufficient to say that while the regulation of pilotage is within the power of Congress when that body sees fit to exercise such power, so long as that body has not entered this field of legislative regulation the original power of the state to legislate upon the subject remains unimpaired. Congress has not only failed to draw this power to itself, but has expressly confirmed it in the several states. By the act of 1789 (U. S. Comp. St. § 7981) Congress left the power where it found it in this language:

"All pilots in the * * * ports of the United States shall continue to be regulated in conformity with the existing laws of the states respectively * * * or with such laws as the states may respectively enact for the purpose."

This enactment has been carried forward in all codifications, and will be found to be the legislative expression to-day. Gibbons v.

Ogden, 9 Wheat. 207, 6 L. Ed. 23; Cooley v. Philadelphia, 12 How. 299, 13 L. Ed. 996.

[3] Appellants' second contention, that the act in question is a local or special and not a general law, cannot be sustained. The act is general in its terms, and includes all cities in this state "of one hundred thousand population or more, situated along or upon navigable streams in the state of Texas, and owning or operating municipal docks, wharves or warehouses." Acts Fourth Called Session 36th Leg., ch. 3. There is on its face nothing unreasonable or arbitrary in this classification of the cities to which the act applies, and appellants do not so contend, but insist that, because of extrinsic facts which show that at the present time Houston is the only city in this state to which the act can apply, it must be regarded as a special or local act. We think the rule applicable here is that laid down in Sutherland's Statutory Construction, page 353:

"That if the objects of a law have characteristics so distinct as reasonably to form for the purpose legislated upon a class by itself, the law is general, notwithstanding it operates upon a single object only; for a law is not general because it operates upon every person in the state, but because every person that can be brought within its predicament becomes subject to its operation."

In the case of Clark v. Finley, 93 Tex. 179, 54 S. W. 343, our Supreme Court holds in effect that a statute which by its terms applies generally to the whole state cannot be declared a local or special law because that by reason of extrinsic facts its operation is restricted to certain localities. The locality of the operation of such a statute may change with the changing conditions of the state, but if its import and purpose is general it is a general law, whether it operates in one or all the cities of the state.

[4] There is no delegation of legislative powers in the act, and the authority of the Legislature to authorize an administrative board to make such rules and regulations as may be necessary to carry out the provisions and accomplish the purposes of the law such agency was created to enforce cannot be doubted.

"A legislature in enacting a law, complete within itself, designated to accomplish the regulation of a particular matter falling within its jurisdiction, may expressly authorize an administrative commission within limits, to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose." 6 R. C. L. 178, and cases cited.

There is no claim on the part of the city of Houston that this statute gives the city any authority to pass ordinances punishing any act committed outside of the territorial limits of the city, and no such ordinance has been passed.

As an agent of the state for the appointment of pilots and regulation of pilotage on the Houston ship channel, the city has passed an ordinance governing their appointment and regulating the performance of the duties of such officers. The fact that these pilots may conduct their business outside of the city limits does not affect the power of the city as a state agency for their appointment and regulation.

We think the trial court was correct in holding that the statute in question was not invalid, and in sustaining the general demurrer to the petition. It follows that the judgment should be affirmed, and it has been so ordered.

Affirmed.