Carl R. HEREFORD and the Texas State
Board of Examiners of Psychologists,
Appellants,

v.

Joseph D. FARRAR, Appellee.

No. 11844.

Court of Civil Appeals of Texas,
Austin.

June 16, 1971.

Rehearing Denied July 7, 1971.

Crawford C. Martin, Atty. Gen., Nola
White, 1st Asst. Atty. Gen., Alfred Walk-
er, Executive Asst. Atty. Gen., J. C. Davis,
Pat Bailey, Asst. Attys. Gen., Austin, for
appellants.

J. L. Rothchild, Houston, J. B. Rogers,
Austin, for appellee.

O'QUINN, Justice.

Joseph D. Farrar brought this lawsuit in
Harris County seeking a writ of mandamus
to compel the Texas State Board of Exam-
iners of Psychologists to issue a license to
him to engage in the practice of psycholo-
gy in this state. The trial court in Harris
County sustained a plea of privilege filed
by respondents, Carl R. Hereford, Chair-
man, and the Texas State Board of Exam-
iners of Psychologists, and the cause was
transferred to Travis County.

The trial court in Travis County after a
hearing entered an order dated December
10, 1970, "directing and commanding
* * * Hereford and the Texas State
Board * * * to forthwith proceed with

all reasonable dispatch to certify and issue certification to * * * Farrar as a psychologist, as prescribed by law under Article 4512c * * *"

We reverse the judgment of the trial court and will render the judgment we have concluded the district court should have entered.

The legislature in 1969 enacted the Psychologists' Certification and Licensing Act which became effective September 1, 1969. (Acts 1969, 61st Leg., p. 2059, ch. 713; Art. 4512c, Vernon's Anno.Civ.Stats.) Under section 15 of the Act provision was made for certification of psychologists (1) upon examination by the Board, (2) recognition of licenses from other states under an arrangement of reciprocity, or (3) prior to January 1, 1971, upon a showing of certain qualifications exempting an applicant for examination.

Farrar made application for certification under the procedure last referred to, described in the statute:

"Until December 31, 1970 a person who is at least twenty-one years of age, a resident of this state, of good moral character, and is a citizen of the United States or has legally declared his intention of becoming a citizen may, upon application and payment of the certification fee, be certified without examination by the Board as a psychologist if

"(1) he has a doctor's degree from an accredited institution based upon a program which is primarily psychological or the substantial equivalent thereof in both subject and extent of training, and, in addition, has had three years of professional experience satisfactory to the Board, or

"(2) has a master's degree from an accredited institution based upon a program which is primarily psychological and, in addition, has had eight years of professional psychological experience." (Sec. 15(b), Art. 4512c)

Farrar contends he was entitled to certification by the Board under subparagraph (2) because he holds a "master's degree from an accredited institution based upon a program which is primarily psychological * * *" The other requirements of the statute, as to age, residence, citizenship, good moral character, years of experience, and payment of fee, are not in dispute.

The Board contends in reply that in the exercise of its discretion, after review of the transcript of college work submitted, it was found that the program, under which Farrar obtained his masters degree, was not primarily psychological, but was based upon a program primarily in education.

The application Farrar filed with the Board relied upon a masters degree from the University of Missouri described in the transcript as Master of Education. At the hearing before the trial court Farrar introduced a letter from the dean of the college of education at the University of Missouri stating that Farrar completed the Master of Education Degree in Counseling Psychology in 1947. The record shows that at that time the University of Missouri was also conferring Masters of Psychology degrees, but Farrar did not take the basic courses which belong in a degree in psychology. Hereford testified at the hearing that Farrar, " * * * took another route, entirely. He took a route that prepared him to be a school guidance man."

After evaluating the transcript of courses Farrar took to earn his masters degree, the Board concluded that reasonable doubt existed as to whether the degree was based on a program which was primarily psychological but notified Farrar that he could take the examination prescribed for certification under subparagraph (a) of section 15.

The trial court ordered the Board to certify and license Farrar as a psychologist on the court's finding that Farrar " * * * has a Masters degree in an educational program which is primarily psychological and * * * [the Board has]

arbitrarily refused to certify * * * Farrar as a psychologist even though he has qualified under the provisions of Section 15(b) (2), Article 4512c * * *"

Counsel for Farrar conceded before the trial court " * * * that the statute charges * * * [the Board] with making a judgment in these matters * * *" pertaining to certification. We have concluded from examination of the record that the Board, in its discretion, failed to find that the courses leading to Farrar's degree were primarily psychological, as required for certification under subparagraph (b), and requested the applicant to seek certification under subparagraph (a) by taking the prescribed examination.

Mandamus is employed usually to compel the performance of a ministerial duty, which is the kind of duty that leaves nothing to the exercise of discretion or judgment, and generally the writ will not issue to review or control the actions of public officers and boards involving discretion. Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677 (1956); Anderson v. Polk, 117 Tex. 73, 297 S.W. 219 (1927).

The general rule that courts will not compel performance of an act involving the exercise of discretion or judgment "is not without limitation, and the writ may issue in a proper case to correct a clear abuse of discretion," especially if there is no adequate remedy at law. Dykes v. City of Houston, 406 S.W.2d 176 (Tex.Sup.1966); Womack v. Berry, supra.

We think it clear from the statute that the Board was charged with the administrative duty under the certification section to exercise its judgment, as to applications filed until December 31, 1970, in determining whether "a person * * * may * * * be certified without examination by the Board * * * if * * * he has * * * (2) * * * a master's degree * * * based upon a program which is *primarily psychological* * * *" (Emphasis added).

After the Board makes a decision, in the exercise of its judgment reached after examination of the evidence before it, a person aggrieved by the Board's action has the remedy of seeking a hearing or rehearing, before the Board, which, if refused, or if granted and resulting in an adverse ruling, would establish basis for judicial review. We do not find that the Board in this case clearly abused its discretion; nor do we find that Farrar was without adequate remedy at law under the circumstances.

Appellants present a counter point directed at the trial court's action in excluding testimony of the chairman of the department of psychology at The University of Texas at Austin. The witness, in the course of appellants' bill of exception, testified that he examined the transcript of courses leading to the masters degree conferred on Farrar and reached the conclusion that the program was not primarily psychological. The hearing before the trial court was not in the nature of a judicial review on appeal from the action of an administrative agency, at which any evidence the agency might have considered would be admissible in determining whether the action was supported by substantial evidence. The trial court's exclusion of this testimony was nevertheless error since it was offered to rebut Farrar's charge that the action of the Board was arbitrary, capricious, and unreasonable.

The judgment of the trial court granting a writ of mandamus to compel issuance of a license to appellee to engage in the practice of psychology is reversed. We render judgment that all relief prayed for be denied the appellee.

Reversed and rendered.