Wallace BLOOM, Appellant,

v.

The TEXAS STATE BOARD OF EXAMINERS OF PSYCHOLOGISTS and Carl R. Hereford, Appellees.

No. 11870.

Court of Civil Appeals of Texas, Austin.

Jan. 5, 1972.

Rehearing Denied Jan. 26, 1972.

Arthur Mitchell, Earl L. Yeakel, III, Austin, for appellant.

Crawford C. Martin, Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., J. C. Davis, Pat Bailey, Asst. Attys. Gen., Austin, for appellees.

PHILLIPS, Chief Justice.

This is an appeal from an order of the court below, sitting without a jury, denying issuance of a writ of mandamus to the Texas State Board of Examiners of Psychologists and its Chairman, ordering them to certify Appellant as a psychologist under the Psychologists' Certification and Licensing Act. Appellant has duly perfected his appeal to this Court.

We affirm.

Appellant's first point of error is that of the court in refusing to issue the above described writ.

We overrule this point.

Article 4512c, sec. 20 (Supp.1970–71) Vernon's Annotated Civil Statutes provides for certification as a psychologist on passage of written and oral examination prescribed by the Texas State Board of Examiners of Psychologists, a body created by this Act. The Act provides, however, for certification without examination if the applicant meets certain educational and professional requirements.

In March of 1970 Applicant made application for certification as a psychologist under Section 15[1] of the Act. This application for certification without examination was denied.

The parties to this lawsuit are agreed that Applicant has fulfilled all of the requirements for licensing without an examination including the educational requirements. In this latter respect, while Appellant's Ph.D. degree is in education as opposed to psychology, his record reflects no fewer than 127 hours of graduate level courses in psychology and education psychology. In addition he has worked as Chief Psychologist at the Child Guidance Clinic, Lackland Air Force Base, San Antonio, Texas, as Staff Clinical Psychologist at the Porterville State Hospital in California, and as Industrial Psychologist with the United Technology Corporation. In addition to belonging to many associations connected with psychology, Appellant has taught courses in the field of psychology at Our Lady of the Lake College in San Antonio, Texas and Fresno State College in Bakersfield, California.

Consequently, the questions before this Court under Appellant's first point of error are, first, does the Texas State Board of Examiners of Psychologists have any discretion in denying certification under Section 15(b) of the Psychologists' Certification and Licensing Act for reasons other than those specifically stated by the Legislature in this Section, to which question we answer that it does; and, secondly, has the Board abused its discretion herein, to which question we answer that it has not.

Appellant contends that it is the legal duty of the Board to certify Appellant as a psychologist without further examination inasmuch as the requirements of Section 15(b) have been met; that these requirements were set out by the Legislature and that the Act does not give the Board power to enlarge further the requirements for automatic certification.

We do not agree with Appellant's interpretation of the Act. In Hereford v. Farrar, 469 S.W.2d 16 (Tex.Civ.App.1971, writ ref. n. r. e.), this Court held that the board had the discretion under Sec. 15(b) to decide what was a master's degree based on a program which is *primarily psychological*. In *Farrar*, the applicant for licensing claimed that certain courses to his credit were primarily psychological thus entitling him to automatic licensing. The Board ruled that the courses in question were not primarily psychological and the Board requested the applicant to take an examination. We upheld the Board's position.

1. The pertinent provisions of the Psychologists' Certification and Licensing Act are as follows:
   "(b) Until December 31, 1970 a person who is at least twenty-one years of age, a resident of this state, of good moral character, and is a citizen of the United States or has legally declared his intention of becoming a citizen may, upon application and payment of the certification fee, be certified without examination by the Board as a psychologist if
   (1) he has a doctor's degree from an accredited institution based upon a program which is primarily psychological or the substantial equivalent thereof in both subject and extent of training, and, in addition, has had three years of professional experience satisfactory to the Board, or
   (2) has a master's degree from an accredited institution based upon a program which is primarily psychological and, in addition, has had eight years of professional psychological experience." Tex. Rev.Civ.Stat.Ann. Art. 4512c, sec. 15 (Supp.1970).

■ The case at bar goes further than *Farrar* since Appellant, admittedly, has complied with the requirements enumerated in Sec. 15(b) (2). We note that Sec. 15(b) states that "Until December 31, 1970, a person . . . *may* . . . be certified without examination . . . (Emphasis added). The word "may" ordinarily implies a permissive and discretionary force. Webster's New International Dictionary, Second Edition. It will not be treated as a word of command unless there is something in the context or subject matter of the act to indicate that it was used in that sense. Rains v. Herring, 68 Tex. 468, 5 S.W. 369 (1887).

■ Further indicating the intention of the Legislature to vest discretion in the Board, Section 8 states "In addition to the powers and duties granted the Board by other provisions of this Act, the Board may make all rules . . . which are reasonably necessary for the proper performance of its duties . . ." Section 13 states: "In determining the acceptability of the applicant's professional experience, the Board may require such documentary evidence of the quality, scope and nature of the applicants' experience as it deems necessary." The purpose of this Act is to protect the public from unqualified practitioners in the field of psychology. Thus the Act grants the Board, which regulates a highly specialized field, the necessary discretion to effect the purpose for which it was created. To require the Board to certify an applicant solely upon the *prima facie* showing specified in Sec. 15(b), in disregard of other evidence of professional unacceptability, would do violence to the Act as a whole. It is settled that the courts should first endeavor to ascertain the legislative intent from a general view of the whole enactment. 53 Tex.Jur.2d, sec. 125, p. 182, Statutes.

■ This brings us to the second question of whether the Board abused its discretion in this case. There was evidence before the Board that Appellant had taken the psychological examination for accreditization in California and had failed it. In addition, the Board had a letter before it, written by Dr. Robert Peck, a professor of Educational Psychology at The University of Texas. The letter dated March 12, 1970, is, in part, as follows:

"He was expelled from the doctoral program in Educational Psychology after lengthy evaluation. This was done on the grounds that he was in a state of serious mental and emotional disturbance and that he refused to acknowledge this and take appropriate steps to remedy the problem. So far as I know, he has not shown any evidence of improvement since that time.

. . .

Finally, because of the deep-seated nature of his disturbance at the time he was here, *pending extremely convincing evidence to the contrary, I would consider him too highly subjective in his judgment to be able to practice professionally in a responsible and ethical manner.* I do not mean that I would expect him to knowingly act in an unethical or irresponsible way but that he might not be able to help doing so. I feel very strongly indeed that *he should be denied certification.*" (Emphasis added)

At trial, Dr. Peck testified as follows:

" . . . the graduate faculty as a whole concluded that it would not be right to give our stamp of approval to someone who could not deal effectively with the public and give them a good responsible professional service, if something upset him."

The testimony at trial discloses that Appellant failed his oral examination for doctoral degree in psychology at The University of Texas. He, evidently, had passed the required written examination. The evidence further discloses that while Applicant had passed the written examination for psychological certification in California, he failed the oral examination on two different occasions.

Dr. Carl R. Hereford, Chairman of the Texas Board of Examiners of Psychologists stated that there were three major considerations that caused the Board not to grant certification without further examination both oral and written. The first was the question about his training, about his degree not being psychological in nature, and the reason for his failure to finish in the department of educational psychology. The second reason concerned the matters brought up by Dr. Peck concerning emotional and mental stability. The third reason was that he was in the independent practice of psychology in violation of the American Psychological Code of Ethics, when he was a member of the American Psychological Association.

Dr. Hereford further testified that under the "grandfather clause" [Art. 15(b)] the Board's policy had been that if an applicant should be clearly qualified both by training and experience, that is, when there was no doubt in the Board's mind, reference letters were all good, the training was clearly psychological, experience was adequate, and supervision was clearly professional and psychological in nature, the Board would consider such an individual as having met the standards required by law for the "grandfather clause," and the Board would issue the certification.

On the other hand, Dr. Hereford testified, if the training and experience are clearly not psychological in nature or unsatisfactory for some other reason, then the application is denied. Further, Dr. Hereford said, if the application, in the opinion of the Board, falls somewhere between these two areas; that is, if there is a reasonable question on the part of the Board, then the Board seeks as part of its obligation under the law to obtain information through written and oral examination. Dr. Hereford agreed under questioning that, in Appellant's particular case, the Board's concern created by Applicant's failure to pass a California examination and the information made available to the Board by Dr. Peck constituted "part of the reason" the Board requested Appellant to take the examination. Dr. Hereford said also that the Board had "other letters from other individuals as well."

Under our decision in *Farrar*, cited above, we hold that the trial court was correct in refusing to issue a writ of mandamus to compel the Board to issue Appellant a license inasmuch as the Board has not clearly abused its discretion in this matter.

This record discloses that when the Board refused to certify Appellant and requested him to take an examination for licensing, Appellant consented and took the examination in June, 1970, but failed to make a passing grade. Due to the position we have taken in this case we need not consider the question of whether Appellant waived any right he might have had under Section 15(b) by taking the examination.

■ Appellant's points two, three, and four attack the constitutionality of Section 15(b). We will not consider these points, as Appellant has failed to show how the validity of Section 15(b) would harm him, or conversely, how its invalidity would benefit him. O'Brien v. Ammerman, 233 S.W. 1016 (Tex.Civ.App.1921), 112 Tex. 254, 247 S.W. 270 (Tex.1922), English Freight Co. v. Knox, 180 S.W.2d 633 (Tex.Civ.App.1944, err. ref. w. o. m.). We hold that he has no justiciable interest in the constitutionality of this section of the law.

■■ In the event we are incorrect as to appellant's standing to attack the constitutionality of Sec. 15(b), we hold that the provision is constitutional. We overrule Appellant's point that Sec. 15(b) violates due process clauses of the State and Federal Constitutions in that no provisions are made for appeal. Without further comment on the fact that Appellant's appeal is presently before us, we note that due process implies the right of a judicial review of an administrative order if not provided by statute. Brazosport Savings and Loan

Ass'n. v. American Savings and Loan Ass'n., 161 Tex. 543, 342 S.W.2d 747. Nor are we impressed with Appellant's assertion that Sec. 15(b) is unconstitutional because of vagueness and uncertainty. The psychological terms used are of sufficient certainty under that discipline as to be reasonably ascertainable. County of Cameron v. Wilson, 160 Tex. 25, 326 S.W.2d 162 (1959). We also overrule Appellant's point that Sec. 15(b) is unequal in its application to those persons to whom it is sought to be applied and therefore constitutes an unlawful or unauthorized delegation of legislative authority. Gerard v. Smith, 52 S.W.2d 347 (Tex.Civ.App.1932, err. ref.).

The judgment of the trial court is affirmed.

Affirmed.

SHANNON, Justice (dissenting).

I respectfully dissent.

One who has a master's degree from an "accredited institution based upon a program which is primarily psychological" and in addition, has eight years of professional psychological experience is permitted by Sec. 15(b) of Article 4512c, Texas Revised Civil Statutes to be licensed without examination provided that he is twenty one years of age, a resident of Texas, of good moral character and is a citizen of the United States.

Appellant has a master's degree in a program "primarily psychological" from an accredited university and has in addition more than eight years of professional psychological experience. In addition, appellant is over twenty one years of age, a resident of Texas, and is a citizen of the United States. The only basis upon which the Board could have denied appellant's application was that he was not of "good moral character."

Admittedly, the Board's judgment upon "good moral character" must of necessity involve the exercise of a measure of discretion. The Board's discretion is, however, limited to that determination. The fact that Section 8 of the Act confers upon the Board the power to prescribe rules and regulations, does not enlarge the power of the Board. Additionally, there is nothing in the record that the Board has even adopted any rules and regulations, much less was acting pursuant thereto in denying appellant its certification.

An examination of the record in this case reveals no evidence upon which the Board could have concluded that appellant was of bad moral character. The fact that appellant failed the licensing examination in California and in Texas does not bear upon moral character. Nor does the fact that appellant's "orals" committee of the University of Texas refused to confer upon him the Doctor of Philosophy Degree in Educational Psychology reflect upon his moral character. In that connection, the majority seems to stress an accusatory letter from Dr. Robert Peck who was on appellant's "orals" committee at The University of Texas. The doubts, if any, about appellant's moral character cast by the vague innuendoes contained in that letter are dispelled by the oral testimony of Peck explaining the meaning of that letter.

Peck testified that when appellant failed to pass his "orals" examination, he became "acutely wrought up, angry." Peck continued, "It was not possible to carry on a coherent discussion with him, and the examining committee which, in our field, we tend to be extremely gentle and non-high pressured, and we just called it off."

Peck said further that appellant got in touch with the members of the "orals" committee and that he, Peck, advised appellant to consult "professional therapeutic treatment, psychiatric or psychological in nature." Appellant did not follow Peck's advice in this respect, and when the second orals examination was a repetition of the first, the committee decided to fail him. Instead, appellant was granted the Doctor of Philosophy Degree in Education from The University of Texas.

**380**

The "orals" examinations emphasized by the majority occurred in the spring nearly ten years ago, and Peck has not seen appellant since. It is upon this obscure and amphibolous testimony that appellant is denied his certification.

I would suggest that appellant's angry conduct over his failure to pass the "orals" committee's examination, while perhaps not in good taste for "extremely gentle and non-high pressured" academics, was not entirely unnatural. Past that point, Peck's testimony, of course, had nothing whatever to do with appellant's moral character, either good or bad.

Appellant having met the requirements of Sec. 15(b) of Article 4512c, a legal duty arose on the part of the Board to certify him as a psychologist, and I would reverse the judgment and direct that the writ of mandamus be issued.