

# The Attorney General of Texas

August 25, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Patti Bizzell, M.P.A.
Executive Secretary
Texas Board of Examiners
 of Psychologists
5555 N. Lamar
Building H, Suite 126
Austin, Texas 78751

Opinion No. MW-227

Re: Relicensing of psychologists

Dear Ms. Bizzell:

You inquire as to the standards applied to the recertification of a psychologist whose license has been revoked. You wish to know whether he is subject to (1) the standards used to judge his original application, (2) the standards used to judge applicants at the time of revocation of that particular individual's license, (3) the current standards applied to all applicants at the time of reapplication, or (4) any other standards promulgated by the Texas Board of Examiners of Psychologists on an individual case by case basis not inconsistent with the act.

Section 23 of article 4512c, V.T.C.S., authorizes the Texas State Board of Examiners of Psychologists to cancel, revoke, suspend, or refuse to renew the license of any psychologist upon proof of a number of specific offenses. In addition, the board may take such action "for any cause for which . . . [it] shall be authorized to refuse to admit persons to its examination." The individual may apply for relicensing under the following provision:

> Upon application, the Board may recertify the applicant or reissue a license to a person whose license has been cancelled or suspended, but such application, in the case of cancellation or revocation, shall not be made prior to one (1) year after the cancellation or revocation and shall be made in such manner and form, as the Board may require.

V.T.C.S. art. 4512c, §23.

Section 11 describes the qualifications required of applicants for examination. These qualifications have become more exacting since the Psychologists' Certification and Licensing Act was first enacted in 1969. See

Acts 1969, 61st Leg., ch. 713, § 11, at 2061. The grandfather clause authorized licensing until December 31, 1970, of persons who had not taken the examination required by the act, and who did not meet the educational requirements for licensing. Sec. 15. Finally, there is a reciprocity provision which allows the board to certify as a psychologist any person licensed by another state, territory, or possession of the United States with licensing requirements the substantial equivalent of the Texas requirements.

Section 23 authorizes the board to take away a license for a number of specific causes, some of which also bar initial licensing, and for any other cause for which the board may refuse to license someone. Many of these causes cannot be remedied through passage of time or through the individual's efforts to change. These include conviction of a felony, a past habit of intemperance or drug addiction, and having aided or abetted someone to impersonate a psychologist. Yet the statute makes no distinction with respect to relicensing on the basis of reason for license revocation. We believe, therefore, that the Board has discretion to relicense a person whom it could have initially refused to license. Thus, in relicensing cases, the board is not bound by the standards set out in section 11 for new applicants. Nor does the statute require the board to apply the standards used when the applicant made his original application or the standards in effect when his license was revoked.

Section 23 states that "[u]pon application, the Board may recertify the applicant" (Emphasis added). In our opinion, the word "may" is used in the usual permissive sense. See Mitchell v. Hancock, 196 S.W. 694, 700 (Tex. Civ. App. — Fort Worth 1917, no writ). The board is not required to relicense any individual but instead may make case by case determinations according to general standards promulgated under its rule making authority. See § 8(a). We do not believe that Bloom v. Texas State Board of Examiners of Psychologists, 492 S.W.2d 460 (Tex. 1973) requires a different result. In that case, the Supreme Court interpreted the grandfather clause of the Psychologists' Licensing Act, which stated that a person who meets various requirements "may, upon application and payment of the certification fee, be certified without examination by the Board as a psychologist" (Emphasis added). The court determined that the board could not refuse to license a psychologist who met all of the qualifications on the ground that the statute used the word "may." The court stated as follows:

> The correct meaning of the word, "may," is that the Board has discretion in its administration of the statute's stated standards, but the word does not empower the Board to make standards that are different from or inconsistent with the statute. . . .

492 S.W.2d at 462. In the present case, there are no explicit statutory standards for relicensing. The board is empowered to promulgate its own standards, consistent with the statute, and to exercise its discretion in administering them evenhandedly. It may adopt some or all of the statutory standards for initial licensing as well as other reasonable standards which it develops. See Bloom v. Texas State Board of Examiners of Psychologists, 475 S.W.2d 374 (Tex. Civ. App. — Austin 1972), rev'd on other grounds, 492 S.W.2d 460 (Tex. 1973).

## S U M M A R Y

The State Board of Examiners of Psychologists should evaluate applications for relicensing by persons whose licenses have been revoked applying standards it has promulgated itself.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Susan Garrison
Rick Gilpin
Eva Loutzenhiser
Bruce Youngblood