Ronald SELLERS, Petitioner,

v.

WYOMING BOARD OF PSYCHOLO-
GIST EXAMINERS, Respondent.

No. 86–234.

Supreme Court of Wyoming.

July 2, 1987.

Jane A. Villemez and Charles E. Graves of Charles E. Graves & Associates, Cheyenne, for petitioner.

A.G. McClintock, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., Barbara L. Boyer, Asst. Atty. Gen., Cheyenne, for respondent.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

This is an appeal from the decision of appellee Wyoming Board of Psychologist Examiners (hereinafter the Board) denying appellant Ronald Sellers, Ph.D., a license by reciprocity to practice psychology in this state.

Appellant raises the following issues for our review:

"1. Whether Respondent, Wyoming Board of Psychologist Examiners, acted arbitrarily, capriciously and without statutory authority in refusing to license Petitioner, Ronald Sellers, Ph.D., by reciprocity, where Petitioner met the statutory qualifications for licensure.

"2. Whether the evidence in the record is sufficient to support Respondent's decision to deny Petitioner's application for licensure by reciprocity."

We will affirm.

Appellant received a Ph.D. degree in guidance counselor education from the University of Wyoming in December, 1974. Appellant received a license to practice psychology in Illinois on November 28, 1978. He first applied for a license by reciprocity to practice psychology in Wyoming in August, 1983, but his application was denied by the Board since his doctoral training was not primarily psychological in nature. Furthermore, appellant's application did not contain adequate references, and so on November 17, 1983, the Board allowed appellant to amend his application with additional references.

The Board again denied appellant's application on December 23, 1983, because his course of post-graduate study was not primarily psychological. On February 6, 1984, another vote was taken with the Board again denying appellant's application. On March 12, 1984, the Board wrote to appellant outlining the reasons for the denial of his application.

On April 23, 1984, the Board advised appellant it would again review his application if he would submit catalog descriptions of the courses he took during both his master's and doctoral programs. This was done on September 10, 1984. On April 17,

1985, the Board again voted to deny appellant's application because his course work was not primarily psychological in nature.

The Board then was advised by its counsel that licensure by reciprocity involves the following criteria:

"1. Licensure in a state which has substantially equivalent requirements to Wyoming;

"2. is of good moral and ethical character;

"3. either comes under 33–27–107 or is a diplomate in good standing of the American Board of Examiners in Professional Psychology."

The Board subsequently reviewed the licensure requirements from Illinois as well as Wyoming law and unanimously voted to deny appellant's application on the following grounds:

"1. If Doctor Sellers was licensed in Illinois under Section 5312(a) or (b), then licensure by reciprocity is denied because the requirements of that section are not substantially equivalent to Wyoming licensure requirements.

"2. If Doctor Sellers was licensed in Illinois under Section 5311, licensure by reciprocity is denied because Doctor Sellers does not hold a doctorate degree in psychology."

A petition for review then was filed in the district court and the case certified to this court pursuant to Rule 12.11, Wyoming Rules of Appellate Procedure.

We will consider both of appellant's issues together.

In *Burlington Northern Railroad Company v. Public Service Commission of Wyoming*, Wyo., 698 P.2d 1135, 1138–1139 (1985), we stated the applicable standard of review in administrative agency appeals:

"The scope of our review of an appeal from an administrative action is directed by § 16–3–114, W.S.1977. Under that statute, we are bound to review the entire record to see if the agency's action is supported by substantial evidence. If so, we must uphold the agency's actions and not substitute our judgment for that of the agency's. *Mountain Fuel Supply Company v. Public Service Commis-*

*sion of Wyoming*, Wyo., 662 P.2d 878 (1983); *McCulloch Gas Transmission Company v. Public Service Commission of Wyoming*, Wyo., 627 P.2d 173 (1981); *Williams v. Public Service Commission of Wyoming*, Wyo., 626 P.2d 564, cert. denied 454 U.S. 896, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981); *Board of Trustees of School District No. 4, Big Horn County v. Colwell*, Wyo., 611 P.2d 427 (1980). Substantial evidence has been defined 'as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Board of Trustees, Laramie County School District No. 1 v. Speigel*, Wyo., 549 P.2d 1161, 1178 (1976), quoting *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). Substantial evidence may indeed be less than the great weight of the evidence, but is more than a mere scintilla of evidence, *Mountain Fuel Supply Company v. Public Service Commission of Wyoming, supra*, at 882. The possibility of drawing two inconsistent conclusions from the evidence presented does not preclude the agency's conclusion from being supported by substantial evidence. *Board of Trustees, Laramie County School District No. 1 v. Speigel, supra*. The burden is on appellant to prove arbitrary, illegal or fraudulent action by the agency. *Wyoming Bancorporation v. Bonham*, Wyo., 527 P.2d 432 (1974), 563 P.2d 1382 (1977), reh. denied 566 P.2d 219 (1977)."

Furthermore, § 16–3–114, W.S.1977 (October 1982 Replacement), provides:

"Judicial review of agency actions; district courts.

"(a) Subject to the requirement that administrative remedies be exhausted and in the absence of any statutory or common-law provision precluding or limiting judicial review, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction, or any person affected in fact by a rule adopted by an agency, is entitled judicial review in the district court for the county

in which the administrative action or inaction was taken, or in which any real property affected by the administrative action or inaction is located, or if no real property is involved, in the district court for the county in which the party aggrieved or adversely affected by the administrative action or inaction resides or has its principal place of business. The procedure to be followed in the proceeding before the district court shall be in accordance with rules heretofore or hereinafter adopted by the Wyoming supreme court.

"* * * * *

"(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

"(i) Compel agency action unlawfully withheld or unreasonably delayed; and

"(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

"(B) Contrary to constitutional right, power, privilege or immunity;

"(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

"(D) Without observance of procedure required by law; or

"(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."

Applying the above-cited principles to this case, we find there was substantial evidence upon which the Board could find as it did. The Board gave appellant the opportunity to supplement and amend his application several times. As the Board obtained more information, it unanimously agreed that the license should be denied since the Board found that the Illinois licensure requirements were not the substantial equivalent of Wyoming requirements.

Wyoming statutory law requires that an applicant's doctoral program be "primarily psychological" in nature:

"(a) The application for examination for licensing as a psychologist shall be upon the forms prescribed by the board. The board shall license as a psychologist any person who pays the prescribed fee, who passes a satisfactory examination in psychology and who submits evidence verified by oath and satisfies the board that he:

"(i) Is a resident of or shows satisfactory evidence of intent to become a resident of Wyoming at the time he is licensed;

"(ii) Is an adult;

"(iii) Is of good moral character;

"(iv) Has received a doctoral degree based on a program of studies whose content was primarily psychological from an accredited college or university having an appropriate graduate program." § 33–27–106, W.S.1977.

Illinois statutory law in effect at the time appellant obtained his license to practice psychology in Illinois merely required that the applicant have a doctoral degree in psychology. Ill.Ann.Stat. ch. 111, § 5311 (Smith-Hurd 1978). The term "degree in psychology" is not defined in the Illinois statutes. As the Board points out in its brief, it may be deduced then that Illinois must permit a wider range of programs to qualify as a doctoral degree in psychology than does Wyoming since appellant obtained a license in Illinois with a Ph.D. in guidance and counselor education.

Wyoming law permits licensure by reciprocity if the requirements of the licensing state are "substantially equivalent" to the requirements in this state.

"The board may, upon application and upon payment of the required fee, license as a psychologist, without examination,

any person who is licensed or certified as a psychologist by any other state, territory or possession if the requirements for such licensing in such state, territory, or possession are the substantial equivalent of the requirements of this act, and if the applicant has established to the satisfaction of the board his good moral and ethical character and has met the requirements of section 7 hereof [§ 33–27–107], or is a diplomate in good standing of the American board of examiners in professional psychology." § 33–27–108(c), W.S.1977.

Apparently the requirements in Illinois were not substantially the same when Illinois granted appellant a license to practice psychology based on a doctoral degree in psychology, but Wyoming requires the doctoral program to be "primarily psychological." It is noted that the University of Wyoming does grant a doctorate degree in psychology, but appellant's doctorate degree is in guidance and counselor education.

In the case of *Hereford v. Farrar*, Tex. Civ.App., 469 S.W.2d 16 (1971), an applicant sought a license to practice psychology from the Texas State Board of Examiners of Psychologists claiming he had a master's degree "based upon a program which is primarily psychological" as required by Texas law. The board denied a license to the applicant after reviewing his course work and concluding it was not primarily psychological in nature. The appellate court upheld the board's decision and stated:

"The application Farrar filed with the Board relied upon a masters degree from the University of Missouri described in the transcript as Master of Education. * * * The record shows that at that time the University of Missouri was also conferring Masters of Psychology degrees, but Farrar did not take the basic courses which belong in a degree in psychology. * * * Farrar, ' * * * took another route, entirely. He took a route that prepared him to be a school guidance man.' " Id., at 17.

It is noted that the evidence showed appellant has twenty hours of credit in psychology and psychology related courses which represents roughly thirty percent of his total course work. It seems the Board was correct in finding appellant's doctoral program was not "primarily psychological" in nature and that this requirement was substantially different from the Illinois requirements.

If the Wyoming Board were to license appellant based upon the law in Illinois, it would be tantamount to abdicating its authority to license applicants in Wyoming under Wyoming law.

Affirmed.

CARDINE, J., filed a dissenting opinion, in which URBIGKIT, J., joins.

CARDINE, Justice, dissenting, with whom URBIGKIT, Justice, joins.

Dr. Ronald Sellers earned a Ph.D in guidance and counselor education from the University of Wyoming in December, 1974 and was licensed as a psychologist in Illinois in November, 1978. Dr. Sellers applied for Wyoming licensing by reciprocity in July, 1983. The Wyoming Board of Psychologist Examiners (Board) kept his application under consideration for a period of two years. During that time it voted upon the application four times. Each time licensing by reciprocity was denied. Each time the Board requested more information. Each time the denial of license was for a different reason. Finally, Sellers' application was denied in October, 1985 because the Board found that the "Illinois licensure requirements are not the *substantial equivalent* of Wyoming pre-requisites." (Emphasis added.)

The Wyoming statutes relating to psychology, §§ 33–27–101 to 33–27–112, provide that a licensed psychologist from another state can be licensed by reciprocity in Wyoming *if* the licensing requirements in the other state are the *"substantial equivalent"* of the requirements in Wyoming. Section 33–27–108(c), W.S.1977.

The applicable Wyoming statute defines psychology as:

"The application and teaching of principles of learning, motivation, perception, thinking, and emotional relationships as applied in, but not limited to, the following psychological techniques: *Counseling and guidance*, behavior modification including psychotherapeutic techniques; measuring and testing of personality, intelligence, aptitudes, attitudes, skills, emotions and public opinion; psychological research; teaching or lecturing; and consultation." (Emphasis added.) Section 33–27–101(iv), W.S.1977.

The Illinois statute defines psychology as: "The practice of psychology is defined as the application of established principles of learning, motivation, perception, thinking, and emotional relationships to problems of behavior adjustment, evaluation of persons, and group relations, by persons trained in psychology. The application of said principles *includes*, but is not restricted to, *counseling* and the use of psychological remedial measures with persons or groups having adjustment or emotional problems in the areas of work, family, school and personal relationships; measuring and testing of personality, intelligence, aptitudes, public opinion, attitudes, and skills; and the teaching of such subject matter, and the conducting of research on problems relating to human behavior." (Emphasis added.) Ill. Rev.Stat.1977, ch. 111, par. 5304.

The Wyoming statute pertaining to licensing, § 33–27–107, W.S.1977, provides that an applicant may be licensed

"[w]ithout examination, if he has a *doctoral degree* from an accredited college or university *based upon a program which is primarily psychological* in both subject matter and the extent of training." (Emphasis added.)

The pertinent Illinois licensing requirements, effective in 1978 when Sellers was licensed, read as follows:

"(d) Has received a *doctoral degree in psychology* from a college, university, or other institution approved by the Department." (Emphasis added.) Ill.Rev.Stat. 1977, ch. 111, par. 5311.

The State of Illinois obviously determined that Sellers' doctoral degree in guidance and counselor education fell within their statutory definition of psychology.

The Board contends that a degree in guidance and counselor education is not the same as a psychology degree because a separate degree in psychology is offered at the University of Wyoming. Further, they assert that Sellers' course work is primarily in education and does not meet the statutory requirement of being "primarily psychological."

The Wyoming legislature defined psychology to include "counseling and guidance." Therefore, course work in this area should be included in the tally to determine if a program is "primarily psychological." The Board should not have disregarded the legislative will in making its own rules.

The definitions of psychology and the licensing requirements for psychiatrists in Wyoming and Illinois statutes are almost indistinguishable—if anything, more is required for licensing in Illinois than in Wyoming. I would hold the licensing requirements of Illinois to be the "substantial equivalent" of those in Wyoming; that the Board's denial of Dr. Sellers' application for reciprocity was arbitrary and capricious; and that the license should be issued. I would have reversed.