

# THE ATTORNEY GENERAL
# OF TEXAS

January 7, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Charles E. Lance
County and District
   Attorney
Milam County Courthouse
Cameron, Texas 76520

Opinion No. JM-839

Re: Whether a commissioners court may reduce the salary of a county attorney below an amount previously approved (RQ-1232)

Dear Mr. Lance:

You ask whether the commissioners court of Milam County may eliminate or reduce the salary of the Milam County Attorney below the amount approved in the annual budget.

Senate Bill 162 (now section 45.266 of the Government Code) Acts 1987, 70th Leg., ch. 34, §1, at 137, effective September 1, 1987 provides:

> (a) For representing the state before the district court in Milam County, the county attorney of Milam County is entitled to be compensated by the state in the same manner and amount as provided by general law for district attorneys. The commissioners court of Milam County may also compensate the county attorney in an amount it considers advisable.

> (b) The county attorney of Milam County is entitled to receive from the state an amount for the payment of staff salaries and office expenses equal to the amount provided in the General Appropriations Act to be paid for those purposes to a district attorney who serves a single county.

> (c) If the county attorney of Milam County receives compensation or expenses from the state under this Act, Milam County

<u>is not entitled to receive funds under
Subchapter C, Chapter 41, Government Code</u>.

The bill analysis to Senate Bill 162 (now section
45.266 of the Government Code) states:

BACKGROUND

Currently, the County Attorney of Milam
County is not funded by the state as a
felony prosecutor. The county attorney's
office does receive funds for staff and
expenses incurred when preparing cases for
district court, but no salary compensation
is included for the attorney.

PURPOSE

S.B. 162 would correct a historical
oversight and would authorize the county
attorney of Milam County to be paid by the
State as all other felony prosecutors in the
state are paid.

SECTION-BY-SECTION ANALYSIS

SECTION 1. Amends Subchapter B, Chapter
45, Government Code by adding Section 45.266
which (a) allows the county attorney of
Milam County to be compensated by the state
when representing the state before the dis-
trict court in Milam County; (b) Entitles
the county attorney's office to receive from
the state payment for staff salaries and
office expenses equal to the amount paid to
a district attorney serving a single county;
(c) Prohibits Milam County from receiving
funds under Subchapter C, Chapter 41, Gov-
ernment Code if county attorney is compen-
sated under this Act.

Bill Analysis to S.B. No. 162, 70th Leg. (1987), on file
in Legislative Reference Library.

Subchapter C, chapter 41 of the Government Code
applies to a county attorney performing the duties of a
district attorney. It provides that on the first day of
September, January, and May of each fiscal year an amount
is to be paid by the state into the officer's salary fund

of that county.[1] The amount of payment is determined by the population of the county.

Information furnished by you reflects that following the annual budget hearing, held pursuant to section 2 of former article 3912k, V.T.C.S. (now section 152.013 of the Local Government Code), the budget approved by the commissioners court of Milam County for 1987 provided for a salary for the county attorney in the amount of $24,798.66.[2] You state that on August 17, 1987 the commissioners court met, and, without notice to you, eliminated the salary for the office and agreed to pay $150.00 per month for travel expenses for the county attorney.

You suggest that the commissioners court may not reduce the salary of a county attorney below the amount set at the annual budget hearing until the next annual budget hearing.

In Attorney General Opinion H-643 (1975) it was concluded that the commissioners court of Grayson County could not reduce the salary of a county attorney below the amount set at the annual budget hearing until the following fiscal year. The facts in that opinion are similar to the scenario you have outlined in that the Grayson County Attorney performed the duties of the district attorney and received compensation from the state equal to the compensation paid by the state to district attorneys under then

---

1. Under the General Appropriations Act, Acts 1987, 70th Leg., 2d C.S., ch. 78, art. IV, at 1037, district attorneys not prohibited from practicing law (applies to Milam County) are compensated by the state at $44,342 (1988) and $44,342 (1989). Milam County's population (22,732) resulted in the county receiving a total of $1,136.60 in payments from the state each year. (Section 41.203(b)(3), Government Code provides for 5 cents per capita for a county with a population of more than 19,000 and not more than 75,000).

2. Under the General Appropriations Act, Acts 1987, 70th Leg., 2d C.S., ch. 78, art. IV, at 1037, district attorneys not prohibited from practicing law (applies to Milam County) are compensated by the state at $44,342 (1988) and $44,342 (1989).

article 332b, V.T.C.S. (Grayson County Attorney is now governed by the Professional Prosecutors Act under chapter 46 of the Government Code). The statute also provided that the county may pay "such additional amount which the commissioners court of the county in its discretion fixes as adequate compensation." Following the approval of the annual budget, the commissioners court reduced the amount of compensation the county was paying the county attorney.

In Attorney General Opinion JM-326 (1985), it was stated that the commissioners court could not reduce the salary Wichita County paid its county attorney pursuant to then sections 1 and 2 of article 3912k, V.T.C.S. (now sections 152.012 and 152.013 of the Local Government Code) from the amount approved at the annual budget hearing and budget adoption proceeding. In JM-326 it was stated:

> In most counties, the commissioners court must approve the yearly operating budget for the county at an annual budget hearing and may amend the budget to allow emergency expenditures in times of grave public necessity. V.T.C.S. art. 689a-11. The commissioners court may also make 'changes in the budget for county purposes.' V.T.C.S. art. 689a-20.
>
> The general rule derived from the aforementioned authorities was summarized in Attorney General Opinion H-11 (1973):
>
> > In most situations amendments to a county budget will have to meet the requirements of Article 689a-11, V.T.C.S. Whether circumstances exist which will warrant an amendment to the budget will be a question of fact in each case.
>
> This rule, however, assumes a different tenor when applied to the salaries of county officers and employees contained in the annual county budget:
>
> > [A]s to salaries of county officers and employees, the rule has been impliedly amended by the enactment, in 1971, of Article 3912k. . . .
>
> Attorney General Opinion H-11 (1973).

Article 3912k, V.T.C.S., establishes guidelines to be observed by the commissioners court when setting the salaries of certain county officials and employees. It contains the following pertinent provisions:

Section 1. Except as otherwise provided by this Act and subject to the limitations of this Act, the commissioners court of each county shall fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds, but in no event shall such salaries be set lower than they exist at the effective date of this Act.

. . . .

Sec. 2. (a) The salaries, expenses, and other allowances of elected county and precinct officers shall be set each year during the regular budget hearing and adoption procedings on giving notice as provided by this Act. (Emphasis added.)

In Attorney General Opinion H-11 (1973), it was stated that section 2 'applies only to elected county and precinct officers, [and] requires that their salaries be set during the regular budget hearing.' (Emphasis added.) The opinion further noted that because section 1 of article 3912k imposes no similar limitation on the authority of the commissioners court to fix salaries of non-elected employees and officials, these salaries

may be fixed at times other than during the regular budget hearing. To the extent that this is inconsistent with Article 689a-11, Article 3912k furnishes an implied exception thereto.

> Attorney General Opinion H-11 (1973) (citations omitted). It is clear that since the county attorney is an elected official, see Tex. Const. art. V, §21, the salary for that office may be considered and adopted only during the regular, annual budget hearing and adoption proceedings. V.T.C.S. art. 3912k, §2(a). Cf. Attorney General Opinion JM-313 (1985).

The commissioners court of Milam County is without authority to eliminate or reduce the salary of the county attorney below the amount fixed at the regular budget hearing for the year.

You also ask whether the commissioners court may eliminate the amount of compensation paid by the county for the county attorney. Subsection (a) of Senate Bill 162 provides that the commissioners court may also compensate the county attorney in an amount it considers advisable.

In Bloom v. Texas State Board of Examiners of Psychologists, 475 S.W.2d 374, 377 (Tex. Civ. App. - Austin 1972), rev'd on other grounds, 492 S.W.2d 460 (Tex. 1973) the appellate court, in construing the word "may," stated:

> The word 'may' ordinarily implies a permissive and discretionary force. Webster's New International Dictionary, Second Edition. It will not be treated as a word of command unless there is something in the context or subject matter of the act to indicate that it was used in that sense. Rains v. Herring, 68 Tex. 468, 5 S.W. 369 (1887).

There is nothing in subsection (a) of section 45.266 of the Government Code to suggest that the word "may" is to be treated as a word of command. Whether the commissioners court may eliminate the amount of compensation paid the county attorney by the county is a matter left to the discretion of the commissioners court to be determined at the regular annual budget hearings for the years following the effective date of this act.

## S U M M A R Y

The commissioners court is without authority to reduce the salary of the county attorney set pursuant to section 2 of article 3912k, V.T.C.S. (now section 152.013 of the Local Government Code), from the amount approved at the annual budget hearing and budget adoption proceedings. Whether the commissioners court of Milam County may elminate the amount of compensation paid the county attorney by the county is a matter left to the discretion of the commissioners court at the regular annual budget hearings following the effective date of Senate Bill 162 (now section 45.266 of the Government Code) Acts 1987, 70th Leg., ch. 34, §1, at 137, effective September 1, 1987.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General